IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 12 CR 872 |
| ) | |
| CHERRON PHILLIPS, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM ORDER

Today's lengthy status hearing dealt with a number of subjects, largely occasioned by the bizarre November 28 pro se submission by defendant Cherron Phillips ("Phillips").[1] This memorandum order will memorialize the rulings by this Court that ultimately stemmed from the extended explanations that it made during the hearing.

To begin with, this Court directed that Phillips' November 28 filing be placed under seal because it had included several documents that listed her Social Security number. Filing under seal was ordered to protect Phillips from the possibility of identity theft that could occur as a result of the public disclosure of that information.

Much of the discussion during the hearing was prompted by

---

[1] That submission was tendered under the name "River-Tali Bey," purportedly as "Executress [sic]/Authorized Agent for Cherron Marie Phillips Estate Decedent/Debtor." That is of course sheer nonsense, and it has served in part to fuel this Court's later-expressed concern as to Phillips' ability or willingness (or both) to proceed with a defense against the criminal charges in this case.

Phillips' unresponsiveness to this Court's repeated advice that she had the constitutional right either to be represented by counsel or to represent herself. When Phillips stated that she lacked the funds to retain counsel, this Court explained more than once that if such were the case and if she wished to have counsel represent her, the Criminal Justice Act ("CJA") contained provisions that would supply her with such counsel on an appropriate showing as to her financial situation. Ultimately this Court allowed Phillips until the next status hearing date (December 17, 2012 at 10 a.m.) to have implemented an invocation of the CJA for that purpose, failing which Phillips would be deemed to have opted to exercise her constitutional right of self-representation.

Following this Court's repeated explanations as to a particularly troubling aspect of Phillips' pro se submission, the portion by which she clearly appeared to have repudiated the release order that this Court had issued on November 19 as well as a number of related documents (the Home Confinement Agreement, the Home Confinement Daily Activity Form and the Pretrial Office's Firearm Statement, Passport Statement and Release Reporting Instructions), Phillips consulted with Federal Defender panel attorney Steven Levy[2] and elected that all those items

---

[2] Phillips had rejected representation by attorney Levy at the November 19 arraignment hearing, but this Court had nonetheless ordered that he be present at today's hearing so that

should be withdrawn from the filing. This Court so ordered, and because such withdrawal eliminated the repudiation of the release agreement and those collateral documents that had been created by Phillips' placement of restrictive or repudiative endorsements on those documents, this Court ruled that the release order and those related documents would remain in effect.

This Court also orally reflected its concern as to whether the nature of Phillips' filings and her in-court conduct have indicated that she may be suffering from a mental defect (not a mental disease) that could render her mentally incompetent in the sense specified in 18 U.S.C. §4241(a)[3]--the inability to understand fully the nature and consequences of the proceedings in this case or to assist properly in her defense. That concern appears to call for a psychiatric examination and report, as provided for in Section 4241(b)(pursuant to the provisions of Section 4247(b) and (c)). With Phillips' release order having remained in effect, it should be feasible for that examination to be conducted on an outpatient basis. Phillips then requested, and this Court granted, the opportunity for her to suggest the name of a psychiatrist for this Court to consider designating for that purpose, a suggestion that must also be made on or before

---

he could assist her if she wished.

[3] All further references to Title 18's provisions will simply take the form "Section--."

3

the December 17 status hearing date.

Finally, as stated earlier, the next hearing date is scheduled for 10 a.m. December 17, 2012. All the time from December 4 through December 17 (a period of 14 days) is excluded for Speedy Trial Act purposes under Section 3161(h)(7)(A) and (B)(iv).

                                        _____
                                        Milton I. Shadur
                                        Senior United States District Judge

Date: December 3, 2012