```
 1                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                              EASTERN DIVISION

 3     UNITED STATES OF AMERICA,          )  No. 12 CR 872
                                          )
 4                        Plaintiff,      )  Chicago, Illinois
                                          )  November 19, 2012
 5                                        )  10:30 o'clock a.m.
       -vs-                               )
 6                                        )
                                          )
 7     CHERRON MARIE PHILLIPS,            )
                                          )
 8                        Defendant.      )

 9                 TRANSCRIPT OF PROCEEDINGS - STATUS
10            BEFORE THE HONORABLE MILTON I. SHADUR

11     APPEARANCES:

12     For the Plaintiff:      HON. GARY SHAPIRO
                               United States Attorney, by
13                             MS. NANCY DePODESTA
                               Assistant United States Attorney
14                             (219 S. Dearborn Street
                               Chicago, Illinois 60604)
15

16     For the Defendant:      MS. CHERRON MARIE PHILLIPS, pro se
                               P.O. Box 802625
17                             Chicago, Illinois

18

19

20

21

22

23     Court Reporter:         ROSEMARY SCARPELLI
                               219 South Dearborn Street
24                             Room 2304A
                               Chicago, Illinois 60604
25                             (312) 435-5815
```

1        THE CLERK:  12 CR 872, United States of America

2   versus Cherron Phillips.

3        THE DEFENDANT:  May I cross the bar?

4        MS. DePODESTA:  Good morning, your Honor, Nancy

5   DePodesta on behalf of the United States.

6        THE COURT:  Oh, please come.  That is the reason we

7   called the case.

8        MS. DePODESTA:  Good morning, Nancy DePodesta on

9   behalf of the United States.

10        THE COURT:  Do you want to identify yourself,

11   please, for the record.

12        THE DEFENDANT:  For the record, I am a natural

13   being here by special appearance to take delivery of the

14   CUSIP bond and all the other Government bonds.

15        THE COURT:  And?

16        MR. KOLBUS:  Good morning, your Honor, Brian

17   Kolbus, Pretrial Services.

18        THE COURT:  I received, by the way, your filing.

19   And I won't comment on it other than to say that it really

20   doesn't have any legal impact.

21        We are here, as you know, as a follow-up to your

22   original appearance.  And I set it over until today to give

23   you the opportunity to determine whether you were going to

24   retain counsel or whether you wanted to represent yourself.

25   So tell me what the story is on that.

1    THE DEFENDANT:  As I stated before, sir, my honor,

2  I am here by special appearance as a --

3    THE COURT:  Now wait just a minute.  Please just

4  respond to my question, if you would.  Your concept of a

5  special appearance may or may not coincide with what the law

6  regards as a special appearance.  You are here because of the

7  fact that an indictment has been returned against you.  You

8  have a constitutional right to choose to be represented by

9  counsel.  You have an equal constitutional right to choose to

10  represent yourself.

11    And my question of you is, have you decided which

12  of those two alternatives you would like to follow?

13    THE DEFENDANT:  I conditionally accept your offer

14  to accept counsel upon delivery of the CUSIP bonds.

15    THE COURT:  What is the CUSIP bond that you are

16  talking about?

17    THE DEFENDANT:  You received the correspondence,

18  sir, correct?

19    THE COURT:  I got the correspondence, but I am

20  still asking you the question.  What is the CUSIP bond that

21  you are referring to?

22    Hello.

23    THE DEFENDANT:  For the record, I conditionally

24  accept your offer to speak on counsel upon delivery of a

25  CUSIP bond.

1     THE COURT:  What is the cusip bond that you are

2  referring to?  I am not familiar with your reference, so I am

3  just asking for an explanation.

4     THE DEFENDANT:  Committee on Uniform Securities

5  Identification Procedures.

6     THE COURT:  And what does that have to do with this

7  indictment, if anything?

8     You know, you do not make the rules here, ma'am.

9  The rules are set up by Congress.  The Court is obligated to

10  follow the rules that are set up by Congress.  They are the

11  ones who proscribe legislation.  Part of that is our Criminal

12  Code which permits people to be charged by the procedure of

13  going before a Grand Jury.  That was done here.  And an

14  indictment was returned against you.

15     So, again, you may like to think that you can

16  create the rules, but you cannot.  And so don't give me the

17  business about conditional acceptance.  I asked you a simple

18  question, which gets I trust a simple answer.  You are

19  conversant with the English language, that is obvious.  But

20  you persist in reframing matters to your own liking, but you

21  cannot do that in this system.  Okay?

22     So let me try a third time.  Have you decided

23  whether you are going to be retaining counsel because you had

24  refused, of course, the appointment of counsel the last time

25  and you had also refused the prospect of having someone act

1    as standby counsel to assist you.  And of course I am not

2    compelling any of those things to be done because, as I say,

3    your constitutional right to represent yourself stands on the

4    same footing as your constitutional right to be represented

5    by counsel.

6              So I will try a third time.  Have you decided

7    whether you wish to be represented by counsel or whether --

8    and not on your conditional acceptance.  That simply does not

9    fly.  Have you decided whether you want to pursue that option

10   or do you want to represent yourself?

11             THE DEFENDANT:  For the record, my honor, I

12   conditionally accept your --

13             THE COURT:  No, I am sorry, you cannot just repeat

14   that.  And saying it three times doesn't make it so.  It just

15   does not act.  It is a nonresponse and it can't be accepted

16   in those terms.  You cannot say, "I want to set the

17   conditions under which this is going to happen."

18             You have two constitutional rights and I have

19   explained them to you.  Now on which side of that

20   constitutional boundary do you want to fly?  Do you want to

21   represent yourself here or do you want to have counsel

22   retained because, as I say, you have declined the provision

23   of counsel?  And you haven't qualified for that anyway

24   because you haven't provided the necessary information to

25   support the idea that you would be entitled to appointment of

1   counsel under the Criminal Justice Act.  If you want that,

2   you have to fill out some forms to do that.  But I can't

3   guess as to what those forms would provide.

4               Are you with me so far?

5               THE DEFENDANT:  I -- again I am here to take

6   delivery of the CUSIP bond, sir.

7               THE COURT:  That is meaningless, in candor.  And so

8   you are not -- whatever the CUSIP bond is that you are

9   talking about, it is not going to be delivered to you.  You

10  have got -- you have got to speak in terms that the law gives

11  cognizance to.  And that is not one of them.

12              You know, counsel was extremely -- for the

13  Government was extremely cooperative last time in permitting

14  you to be released on bond.  The bond that was provided was

15  what is called a bond to assure your presence in court.  And

16  I went through the aspect of it that represented the terms

17  and conditions.  That is the bond that the Court recognizes,

18  not your CUSIP bond, or whatever you may choose to label.

19  Now that is the condition on which you were permitted to be

20  released while this proceeding is going on because otherwise

21  you see the requirement would have been that you be taken

22  into custody and remain in custody because of the risks that

23  are created by the charged conduct.  I am not making any

24  findings about them.  But the risk of danger to the -- to the

25  community basically by reason of the conduct are the concern

1    that the Court had.

2              But I was perfectly willing to alleviate that

3    because of the fact that you had reached an understanding, as

4    I -- was reported to me, that you would be released on the

5    terms that were set up in the release order.  That has been

6    done.  And I have no problem with that continuing.  But you

7    can't create a stalemate by standing here and repeating

8    meaningless language, legally meaningless language, again and

9    again and again.

10             You know, as between the two of us I think that I

11   have basically the responsibility and the power to deal with

12   this action.  You do not have the power to deal with the

13   thing on your own terms.  That is not permitted.  And so you

14   are not going to find any success in continuing to repeat the

15   pat formula that you have somehow devised or have thought

16   about as perhaps being significant.  It is not.  It has no

17   meaning at all in legal terms.

18             So do you want to create a stalemate, is that what

19   you are trying to do?  I am not going to stand for that.  So

20   let's go.  What is it?  Which way do you choose?

21             Yes?

22             THE DEFENDANT:  To -- I am sorry?

23             THE COURT:  I am waiting.

24             THE DEFENDANT:  Again, sir, I conditionally accept

25   your offer; however, I am here by special appearance to take

1    delivery of the CUSIP bond and all other Government bonds for
2    the statutory case of 12 CR 872.
3                 THE COURT:  Well, I will not accept your -- what
4    you characterize as your conditional offer.  Let me remind
5    you that the last time you were here you did acknowledge
6    receipt of a copy of the indictment, right, this document, 12
7    CR 872?  You did confirm that you had received a copy, right?
8                 THE DEFENDANT:  I conditionally accept your offer,
9    sir.
10               THE COURT:  Don't give me the conditional
11   acceptance.  Give me a yes or a no to that question.  You
12   know, you think that you can play the system.  Let me give
13   you a lesson, and that is you may not.  And the worst part of
14   it is that you see all the provisions that the law would
15   otherwise make available to you, you essentially frustrate by
16   the continued repetition of a meaningless formulation.  I
17   don't know where you got it, but I -- in candor I don't care
18   because it is not -- have -- it does not have any legal
19   significance at all.  The Court is not required to recognize
20   it.  The Court is not required to treat your so-called
21   conditional acceptance as having any meaning at all.
22               And so let me try again.  You know, last time -- it
23   is interesting because before you got this bug in your head
24   that has compelled you to keep repeating this thing, you were
25   at least reasonable enough to say, yes, you had received a

1    copy of the indictment.  Are you taking that back?  Is that
2    what you are saying?

3              I don't understand that.  You can't do that.  That
4    is on the record.  You have talked about "for the record."
5    You have acknowledged receipt of a copy of the indictment.
6    Is that not so?  You think you are being trapped somehow?
7    You don't recognize -- you don't recognize good efforts when
8    you hear them.  You know, that is your problem.  The law
9    stands ready to provide you with the requisite rights and
10   benefits, but you essentially frustrate that by your
11   continued repetition.  And somehow that lesson does not seem
12   to have gotten over to you, although you would otherwise seem
13   to be perhaps a rational human being.

14             So I am trying again.  If you are -- are you saying
15   that you did not receive a copy of the indictment?  Is that
16   what you are now telling me?  Is that what you are saying?

17             I don't hear you.  Yes?  What?

18             You think you are going to win this discussion by
19   standing mute.  You are not.  So let me try again.  Are you
20   saying that you did not receive a copy of the indictment?
21   You acknowledged that you did the last time, right?

22             THE DEFENDANT:  Sir, conditionally accept your
23   offer to discuss the matter.  However, I am here by special
24   appearance to take delivery as a natural being of the CUSIP
25   bond and all other Government bonds attached to the statutory

1  case of 12 CR 872.

2  THE COURT:  Ma'am, I don't suppose you ever read

3  the New Yorker magazine, or do you on occasion?  Did you ever

4  have occasion to read the New Yorker magazine?

5  Don't tell me on condition.  That is one that you

6  ought to feel free to answer.  It has nothing to do with our

7  criminal case, right?

8  Yes?  What?

9  Well, there is no point in this.  Sandy, would you

10  hand this to Ms. Phillips, please.

11  Ms. Phillips --

12  THE DEFENDANT:  No, thank you.

13  THE COURT:  -- we just delivered to you a copy of

14  the indictment in this case.  Are you prepared to waive

15  formal reading, that is, are you prepared to say that the

16  indictment doesn't have to be read to you?

17  THE DEFENDANT:  For the record --

18  THE COURT:  Why don't you get a phonograph record,

19  put a needle on it, and just have that repeated instead of

20  your wasting your time repeating yourself.  It was

21  meaningless the first time.  It has been meaningless each

22  time since.  It continues to be meaningless.  And if you

23  don't respond, then things will have to be done to you rather

24  than for you.  So?

25  All right.  Since you are not prepared to

1    acknowledge the waiver of reading of the indictment, I will

2    read it to you.  It says, "The SPECIAL JANUARY 2012 GRAND

3    JURY charges that:  Counts 1-12.  On or about the dates set

4    forth below, at Chicago, within the Northern District of

5    Illinois, Eastern Division, the defendant, CHERRON MARIE

6    PHILLIPS, also known as "Cherron Phillips El," "River Tali El

7    Bey,"" River Tali Bey," "River Tali" and "River," while

8    aiding and abetting and while being aided and abetted by

9    other persons both known and unknown to the Grand Jury, did

10   file, and attempt to file, in the public record of the Cook

11   County Recorder of Deeds, a false lien and encumbrance

12   against the real and personal property of the persons listed

13   below, all of whom were then employees and officers of the

14   United States Government:"

15            Count 1, March 14, 2011 against person designated

16   as V1 who had the official title chief United States District

17   Judge.

18            In Count 2, also March 14, 2011, against a person

19   referred to as V2, with the official title of United States

20   District Judge.

21            On Count 3, also March 14, 2011, against a person

22   referred to as V3, United States Attorney.

23            Count 4, also March 14, 2011, a person designated

24   as V-4, Assistant United States Attorney.

25            Count 5, also March 14, 2011, a person known as V5,

1    United States District Court Clerk.

2            Count 6, March 17, 2011, a person known as --

3    referred to as V6, officially a Federal Task Force Officer.

4            Count 7, also March 17, 2011, a person referred to

5    as V7, also a Federal Task Force Officer.

6            Count 8, also March 17, 2011, a person referred to

7    as V8, also a Federal Task Force Officer.

8            Count 9, also March 17, 2011, a person referred to

9    as V9, also a Federal Task Force Officer.

10           Count 10, April 13th, 2011, a person referred to as

11   V10, a Federal Agent.

12           Count 11, April 19, 2011, a person known as --

13   referred to as V11, a United States Magistrate Judge.

14           And then finally Count 12, also April 19, 2011, a

15   person referred to as V12, United States Magistrate Judge as

16   the official title.

17           Going on, "The defendant filed the false liens and

18   encumbrances against each listed persons on account of the

19   performance of their official duties, knowing and having

20   reason to know that each lien and encumbrance was false and

21   contained a materially false, fictitious, and fraudulent

22   statement and representation, including a false claim that

23   the listed persons each owed the defendant's brother one

24   hundred billion dollars.  In violation of Title 18, United

25   States Code, Sections 1521 and 2.  A TRUE BILL:" signed by

1    the Foreperson of the Grand Jury and with signatures below

2    that, attorney -- Eric Holder, Jr., Attorney General of the

3    United States, by Stephen R. Wigginton, United States

4    Attorney for the Southern District of Illinois, and Nathan D.

5    Stump, Special Assistant United States Attorney.

6              Now how do you plead to the charges that are

7    involved here, guilty or not guilty?

8              THE DEFENDANT:  I conditionally accept your offer

9    to plea upon -- upon delivery of the CUSIP bond.

10             THE COURT:  So you are saying that you are not

11   going to plead now, is that what you are telling me?

12             You said that you would accept it on condition,

13   which I have said is a condition that the Court is not going

14   to satisfy because it is a meaningless condition.  So does

15   that tell me that you are not pleading either guilty or not

16   guilty at this time, is that right?

17             THE DEFENDANT:  For the record, my honor, as a

18   natural being here by special appearance I conditionally

19   accept your offer upon proof of delivery of the CUSIP bond

20   and all other Government bonds for statutory case --

21             THE COURT:  Well, I will translate -- I will

22   translate that.  That one is capable of being translated into

23   a response.  Your response is that you are not now pleading

24   either guilty or not guilty, and accordingly a not guilty

25   plea will be entered on your behalf.

1           Wait just a moment.  Now let me turn to the United

2    States Attorney for a moment.  What is involved in terms of

3    Local Criminal Rule 16.1 in terms of production of materials

4    to the defendant?

5           MS. DePODESTA:  I believe that we could have

6    Rule 16 materials provided by a week from today.

7           THE COURT:  I am sorry?

8           MS. DePODESTA:  I think we can have Rule 16

9    materials provided to Miss Phillips by a week from today.

10          THE COURT:  All right.  I will provide that the

11   Government is to comply with Local Criminal Rule 16.1.

12   Remember you have got a holiday involved.  Is that going to

13   create a problem?

14          MS. DePODESTA:  I think we are okay.

15          I think we are good.

16          THE COURT:  Okay.

17          MS. DePODESTA:  But thank you for asking.

18          THE COURT:  All right.  I will provide that that is

19   to be done by November 26.  And under ordinary circumstances

20   I would set a time for Ms. Phillips to determine whether any

21   motions are to be filed, but these are not ordinary

22   circumstances because we have someone who is totally

23   recalcitrant, and as a result what I will do instead is to

24   set a next status date.  And that status date we will make

25   for two weeks from today, if that is satisfactory.  That

1    would be December 3rd.  And I will do that at 10:00 o'clock.

2            Is that acceptable?

3            MS. DePODESTA:  That is fine with the Government,

4    your Honor.

5            THE COURT:  You will be here then at 10:00 o'clock

6    on Monday, December 3rd.

7            Sandy, was Ms. Phillips delivered a copy of the

8    release order?  I think the answer is yes.

9            THE CLERK:  Yes.

10           THE COURT:  Miss Phillips, if you will take a look

11   at the release order that you were provided last time that

12   you were here, one of the provisions is that you have to

13   appear of course at any time that the Court sets for your

14   appearance.  That is one of the conditions of your release.

15   So that you will be here, if you would, at 10:00 a.m. on

16   December 3rd.  And by -- you will have been provided in the

17   meantime by the Government with the -- whatever papers are

18   required to be provided under our Local Criminal Rule 16.1

19   which is what defines what the Government must provide to any

20   criminal defendant.  All right?

21           I think that I -- yes?

22           MS. DePODESTA:  Your Honor, just two brief issues.

23   One, I will make a motion to -- for the exclusion time in

24   light of the interest of justice here and, as you mentioned,

25   sort of --

1           THE COURT:  Yes, the entire period beginning today

2   and ending December 3rd -- yeah -- which is a period of

3   15 days inclusive is excludable under 18 U.S.C. Section

4   3161(h)(7)(a) and (b)(4).

5           Thank you.

6           MS. DePODESTA:  One other brief matter.

7           THE COURT:  Yes?

8           MS. DePODESTA:  While I understand that Miss

9   Phillips in some regards has been compliant with Pretrial,

10  there are some forms for Pretrial that she needs to sign and

11  complete.  That is part -- sort of an assumption that went

12  with her being released on bond.  And we would just ask that

13  prior to December 3rd that paperwork get completed.

14          THE COURT:  What documents are required?

15          MR. KOLBUS:  Good morning, your Honor, Brian

16  Kolbus, Pretrial Services.  The statement the Assistant

17  United States Attorney made is correct.  Miss Phillips has

18  generally complied with the electronic monitoring and the

19  scheduling conditions as we have laid out for her.  As we

20  explained in our post-release interview to her, the

21  instructions that we must give her and the restrictions that

22  she has.  She has acknowledged that we have gone over those,

23  but she has not signed the papers that agreed to the home

24  confinement agreement, that she has no bombs in her home,

25  that she has no passport, to agree to her schedule, other

1   things of that nature.  Miss Phillips has declined to sign at

2   this point.  We did ask if she brought them to court as she

3   had agreed to us that she would.  Before court I was not able

4   to get an answer to that question.

5            THE COURT:  Ms. Phillips, that is, as I understand

6   it, a documentary, a written, confirmation of the things that

7   have in fact been provided to you.  Is there any problem with

8   your signing those?  You know, that is a condition of your

9   release, you understand.  I mean you certainly don't want to

10  frustrate that I would think.

11           Why would you want, for example, for your release

12  to be revoked if you chose not to sign documents of the kind

13  that the Pretrial Services Officer had called for?  You are

14  not telling me that, are you?  Or are you?  Do you understand

15  that question?  And don't give me a conditional answer.  Do

16  you understand the question that I just posed to you,

17  because, look, you are released on condition.  That one was

18  conditional.

19           One of the conditions was that you comply with the

20  provisions that are set up, the formal provisions.  And all

21  that is involved there is the confirmation because their

22  records require that it be done in writing.  Now you -- of

23  course you do have a choice.  Your choice is to say, "I am

24  not going to do it," or your choice is to give me the same

25  conditional response business.  And in that case you see my

1   obligation is to -- would be to take you into custody, which
2   I don't want to do because we had agreed on the conditions
3   that would satisfy your release.  But you have got to live by
4   those conditions.

5           You understand that?  Or are you telling me that
6   you want to be taken into custody?  Is that what you are
7   saying, or not saying?

8           Well?

9           You are -- are you telling me you are not signing
10  those things?  Is that what you are doing or are you not
11  prepared to sign them?  Because, you know, then I -- then I
12  regret that the conditions of release, which are to comply
13  with the provisions that are set up by the -- along with the
14  Pretrial Services Office that is here to help you, not to
15  harm you -- that I can't permit you to essentially to make
16  the rules your way.  Do you understand that?

17          This one I am not going to wait very long on.  I
18  have been very patient about everything else, but you cannot
19  set the standards yourself and expect to continue to flout
20  the system.  Do you know what the word "flout" means?  I will
21  give you 30 seconds to respond to my question.

22          THE DEFENDANT:  For the record, my honor --

23          THE COURT:  That is "your Honor."  That is what you
24  have got to say.  Not "my honor."  But go ahead.  I didn't
25  mean to interrupt you, but you misspoke.

1          What are you going to say?  Time is running.

2          Is there a Marshal here?

3          THE MARSHAL:  Yes, your Honor.

4          THE COURT:  Would you step up, please.

5          THE DEFENDANT:  For the record, my honor, you said

6   December 3rd would be the date?

7          THE COURT:  That's correct.

8          THE DEFENDANT:  Okay.

9          THE COURT:  That is not the subject we are talking

10  about now.  We are talking about the fact that according to

11  the Pretrial Services Officer you didn't comply with one of

12  the conditions of release, which is that the confirmation

13  that you have agreed to in connection with the standards --

14  and nobody is quarreling with that -- but that you are not

15  prepared to sign the paper that says that you agree to, which

16  is one of the conditions.

17          Now, I didn't set that rule.  But, you know, you

18  can't make the rules yourself.  And what you are just

19  demonstrating to me is that you are not living by the terms

20  of release, and accordingly that -- what that means is that

21  your release would have to be revoked.  And that means you

22  would have to be taken into custody.

23          Now I don't want to do that, but, you know,

24  stubbornness on your part doesn't assist you when the system

25  is here to try to assist you and you wouldn't recognize that.

1   But if that is what you want, that is what you are going to

2   get.  Do you understand that?

3           All right.

4           THE DEFENDANT:  I do not have the papers.

5           I do not have those papers.

6           THE COURT:  Do you have those with you?

7           MR. KOLBUS:  Your Honor, Brian Kolbus, Pretrial

8   Services.  When I visited Miss Phillips' home, I gave her the

9   papers and went over them with her and she agreed to bring

10  them back here today signed after speaking with her attorney.

11          THE DEFENDANT:  They are just not in my presence.

12  I have to get them.

13          THE COURT:  Do you have them at your home?

14          THE DEFENDANT:  I have -- Brian gave them to me.

15          THE COURT:  Do you have them?

16          THE DEFENDANT:  They are not in my presence.

17          THE COURT:  I understand that.  Are they back at

18  your home, is that what you are saying?

19          THE DEFENDANT:  I have them.  They are not in my

20  presence.  I can have -- I can get access to them and make an

21  appointment to meet with Brian.

22          THE COURT:  All right.  I will give you -- I will

23  give you until -- when would you be available for that?

24          MR. KOLBUS:  I am out of the office tomorrow, your

25  Honor.  Wednesday I will be here.  We can make an appointment

1    for Wednesday morning first thing.

2           THE COURT:  I will give you until Wednesday

3    morning, the 21st, to provide those documents to the Pretrial

4    Services Officer.  Failing that I can promise you that you

5    will be taken into custody because you will have violated

6    conditions of release.  You cannot do that.  You cannot make

7    the rules for yourself.  So --

8           MR. KOLBUS:  Your Honor, could we ask for a

9    deadline of maybe 10:00 a.m. to make sure they are here and

10   we can report to the Court.

11          THE COURT:  You will bring those to him by 10:00

12   o'clock Wednesday morning, November 21st.  And I am going to

13   ask that the Marshals be available at that point because if

14   you do not comply, the conditions of release will have been

15   violated as I read them to you.  If you violate the

16   conditions of release, you may be taken into custody.  And

17   you will.  Do you understand?

18          Thank you.

19          THE DEFENDANT:  At that time, sir, will I be able

20   to take delivery of the CUSIP bond?

21          THE COURT:  No, there is no such thing.  Don't

22   start making conditions because this is one you are not going

23   to win.  Do you understand that?

24          Somehow you don't seem to understand the way in

25   which these rules operate.  You cannot win by setting up

1  meaningless standards of your choice that will govern the
2  system.  On the contrary, the system is not going to be
3  subordinate to your desires.  So you are going to be here by
4  10:00 o'clock Wednesday morning, November 21st, bringing the
5  documents to the Court Pretrial Services Officer in signed
6  form.  And failing that you will be taken into custody
7  because you will have violated the conditions of release.
8          And we are through for the morning.  Thank you.
9          MS. DePODESTA:  Thank you, your Honor.
10         MR. KOLBUS:  Thank you, your Honor.
11     (Which were all the proceedings heard.)
12                      CERTIFICATE
13     I certify that the foregoing is a correct transcript
14  from the record of proceedings in the above-entitled matter.
15
16  s/Rosemary Scarpelli/        Date:  November 20, 2012
17
18
19
20
21
22
23
24
25