IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 1:12-CR-872 |
| | ) | |
| CHERRON MARIE PHILLIPS | ) | |

## NOTICE OF RULE 404 EVIDENCE

Comes now the United States of America, by and through Eric H. Holder, Jr., Attorney General of the United States, and files this Notice to advise both the Court and the Defendant of its intention to introduce at the trial of this case the following evidence, which could be construed to fall within the ambit of Federal Rule of Evidence 404(b):

**(1)** **Evidence that, during the federal prosecution of her brother in the United States District Court for the Northern District of Illinois, the defendant was repeatedly disruptive in the courtroom, filed numerous documents in the case, including a "Summons to Appear," and ultimately became the subject of an Executive Committee Order.**

Method of Proof: The United States will seek to introduce this evidence in its case-in-chief through the testimony of several witnesses, including the lead prosecutor and the presiding judge in the Devon Phillips prosecution, as well as the former Chief Judge and chair of the Executive Committee. The United States may also seek to offer into evidence a copy of the Order itself and copies of documents filed or otherwise submitted to the Court by the defendant in connection with her brother's case. The issue may further be raised during cross-examination of the Defendant and any defense witnesses, and additional evidence may be presented during rebuttal.

Stated Purpose: The United States contends that this evidence is not subject to Rule 404(b), as it is relevant to prove several elements of the charged offense, including the falsity of the liens, the defendant's knowledge of their falsity, and the fact that the

defendant filed the false liens to retaliate against federal officials because of the performance of their official duties. All twelve victims in this case were previously associated in one way or another with the federal prosecution of the defendant's brother. They were targeted by the defendant because of that association. It is the only way in which the victims are connected in any way with the defendant. Therefore, this is direct evidence of the crime.

Nevertheless, to the extent that it could be considered evidence of "other bad acts" of the defendant, the United States would also seek to introduce this evidence under Rule 404(b) for the following permissible purposes:

- The defendant's identity as the person responsible for filing the false liens;
- The defendant's motive in filing the false liens;
- The defendant's preparation before filing the false liens;
- The defendant's knowledge of the victims; and
- The defendant's intent in filing the false liens.

All of these are permissible purposes for admission of the evidence under Rule 404(b).

**(2)** **Evidence that in March 2011, the defendant – using the names "River Tali" and "Cherron Phillips El" – caused a package to be delivered to the Chief United States District Judge for the Northern District of Illinois that included (among other things) (a) a "Common Law Bill of Indictment" calling for the arrest of the Chief Judge; (b) an "Administrative Notice and Demand" authored by the defendant seeking a "remedy for the law I am currently accused of violating"; and (c) a "Commerical Affidavit" setting forth the necessary characteristics of a valid commercial lien.**

<u>Method of Proof</u>: The United States will seek to introduce this evidence in its case-in-chief through the testimony of the former Chief Judge and by offering all or portions of the package that was sent.

<u>Stated Purpose</u>: This evidence is also direct evidence of the crime, as it demonstrates the defendant's knowledge that the liens she filed were false and helps prove that the false liens were filed in retaliation for the prosecution of her brother. The evidence is particularly probative in light of statements the defendant later made to the FBI that (1) the liens were her "right to remedy" the perceived wrongdoings of federal officials involved in her brother's case; (2) the liens were filed after she had exhausted her other possible remedies.

To the extent that it could be considered evidence of "other bad acts" of the defendant, the United States will also seek to introduce this evidence under Rule 404(b) for the following permissible purposes:

- The defendant's identity as the person responsible for filing the false liens;
- The defendant's motive in filing the false liens;
- The defendant's preparation before filing the false liens;
- The defendant's knowledge of the victims; and
- The defendant's intent in filing the false liens.

All of these are permissible purposes for admission of the evidence under Rule 404(b).

**(3)  Evidence that when the defendant was arrested on the indictment in this case, in November 2012, she repeatedly asked the arresting officers for their names and threatened to file liens on them.**

<u>Method of Proof</u>: The United States will seek to introduce this evidence in its case-in-chief through the testimony of FBI Special Agent Josh Rongitsch, or another officer who was present during the defendant's arrest and witnessed her threats. The issue may further be raised during cross-examination of the Defendant and any defense witnesses.

3

Stated Purpose: To the extent that it could be considered evidence of "other bad acts" of the defendant, the United States will seek to introduce this evidence under Rule 404(b) for the following permissible purposes:

- The defendant's identity as the person responsible for filing the false liens;
- The defendant's intent in filing the false liens; and
- The absence of mistake or accident in the defendant's filing of the false liens.

All of these are permissible purposes for admission of the evidence under Rule 404(b).

Respectfully submitted this the 15th day of July, 2013.

                              ERIC H. HOLDER, JR.
                              Attorney General of the United States

                              *s/ Nathan D. Stump*
                              NATHAN D. STUMP
                              Special Assistant United States Attorney
                              9 Executive Drive
                              Fairview Heights, Illinois 62208
                              Tel: (618) 628-3700
                              Fax: (618) 628-3720
                              Email: nathan.stump@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 1:12-CR-872 |
| | ) | |
| CHERRON MARIE PHILLIPS | ) | |

**CERTIFICATE OF SERVICE**

I, Nathan D. Stump, Assistant United States Attorney, hereby certify that on this the 15th day of July, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically serve a copy upon all counsel of record. On the same day, I mailed a copy of the foregoing to the defendant at the following address of record:

Cherron Marie Phillips
P.O. Box 802625
Chicago, IL

In compliance with Local Rule 5.2(f), a hard copy of this document will be provided to chambers within one business day.

*/s/ Nathan D. Stump*
NATHAN D. STUMP
Assistant United States Attorney
9 Executive Drive
Fairview Heights, Illinois 62208
Tel: (618) 628-3700
Fax: (618) 628-3720
Email: nathan.stump@usdoj.gov