```
                 IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

  UNITED STATES OF AMERICA,       )  No. 12 CR 872
                                  )
                   Plaintiff,     )  Chicago, Illinois
                                  )  August 7, 2013
                                  )  9:55 o'clock a.m.
  -vs-                            )
                                  )
                                  )
  CHERRON MARIE PHILLIPS,         )
                                  )
                   Defendant.     )


            TRANSCRIPT OF PROCEEDINGS - STATUS
          BEFORE THE HONORABLE MILTON I. SHADUR

APPEARANCES:

For the Plaintiff:       HON. STEPHEN R. WIGGINTON
                         United States Attorney, by
                         MR. NATHAN D. STUMP
                         Assistant United States Attorney
                         (9 Executive Drive
                         Fairview Heights Illinois 62208)

For the Defendant:       MS. CHERRON MARIE PHILLIPS
                         P.O. Box 2013
                         Chicago, Illinois

ALSO PRESENT:            MS. LAUREN WEIL SOLOMON
                         P.O. Box 2013
                         Highland Park, Illinois 60035




Court Reporter:          ROSEMARY SCARPELLI
                         219 South Dearborn Street
                         Room 2304A
                         Chicago, Illinois 60604
                         (312) 435-5815
```

|     |                                                                                 |
| --- | ------------------------------------------------------------------------------- |
| 1   | THE CLERK: 12 CR 872-1, USA versus Cherron Marie                                |
| 2   | Phillips.                                                                       |
| 3   | THE COURT: Do you want to identify yourself for                                 |
| 4   | the record.                                                                     |
| 5   | THE DEFENDANT: River Bey on behalf of Cherron                                   |
| 6   | Phillips.                                                                       |
| 7   | THE COURT: I am sorry. Wait, wait, wait. Let's                                  |
| 8   | just -- Mr. Stump is --                                                         |
| 9   | MR. STUMP: Nathan Stump.                                                        |
| 10  | THE COURT: Hi, Mr. Stump. This is Sonya from                                    |
| 11  | Judge Shadur's courtroom.                                                       |
| 12  | MR. STUMP: Hi, Sonya.                                                           |
| 13  | THE COURT: Mr. Stump, this is 12 CR 872, United                                 |
| 14  | States against Phillips. And if you would please reflect                        |
| 15  | your appearance for the record.                                                 |
| 16  | MR. STUMP: Yes. Good morning, your Honor, Nathan                                |
| 17  | stump on behalf of the United States.                                           |
| 18  | THE COURT: And now -- I am sorry I interrupted                                  |
| 19  | you, Ms. Phillips -- do you want to reflect your appearance,                    |
| 20  | please.                                                                         |
| 21  | THE DEFENDANT: My appearance is River Bey on                                    |
| 22  | behalf of Cherron Phillips.                                                     |
| 23  | MS. SOLOMON: Lauren Solomon.                                                    |
| 24  | THE COURT: All right. I have received what                                      |
| 25  | Ms. Phillips filed day before yesterday. I received a copy                      |

of that. And I have, as you might guess, some comments about that, but my suggestion is that both of you who are here in court just be seated while I deal with those. And then I will see whether there is anything in the way of response. And, Mr. Stump, I don't care whether you stand or sit down.

MR. STUMP: Thank you.

THE COURT: So you can both be seated.

I want to thank Ms. Phillips for the August 5th filings, not for reasons that she may advance but because they reconfirm, both in cards and spades, the reasons for my having rejected Ms. Phillips' misguided exercise of her claimed Sixth Amendment decision for self-representation when she is clearly unable to exercise that right rationally.

What has now been tendered is, to be blunt, a hopelessly confused -- I guess mishmash may be a slang term to deal with it. It is chockful of assertions regarding the case of United States versus Devon Phillips, 06 CR 778, a criminal case in which Ms. Phillips was not a party and has no rational relationship to the prosecution of 12 CR 872 in which Miss Phillips is the defendant.

That earlier case in which the defendant was, as I understand it, Ms. Phillips' brother, may perhaps have been the catalyst that provided and prompted the filing of the liens that are charged as criminal offenses in this case that has provided the United States with its burden of proving

1  beyond a reasonable doubt that Ms. Phillips was the one who
2  filed the liens, but that does not at all support the
3  statement that is made in this Paragraph 1 which says, "On
4  November 8th, 2012 on behalf of plaintiff the United States
5  by Grand Jury indicted Cherron Marie Phillips herein as
6  alleged defendant on criminal charge under 18 U.S.C. 1521 for
7  filing false liens against federal officials in the matter re
8  United States versus Devon Phillips, Case No. 06 C 778."  Nor
9  does that fact make somehow relevant the confused arguments
10 that challenge the 2006 case against Miss Phillips' brother
11 on the fanciful grounds that are advanced in this confused
12 filing, which grounds occupy the first four pages of this --
13 what is called a Motion to Object to Further Prosecution.
14        To shift to the current indictment, what has been
15 demonstrated by this filing is a different level of
16 confusion.  For example, the reference to a a section of part
17 of Title 48 of the United States Code -- 46, rather --
18 Section 31343, ignores the fact that that is part of a
19 codification by Congress of the law of shipping.  And 31343
20 has as its subject Recording and Discharging Notices of Claim
21 of Maritime Lien.
22        Now maybe Ms. Phillips is trying to demonstrate
23 that she is all at sea, although it -- in the jocular way,
24 but what it demonstrates here is so hopelessly muddled as to
25 confirm once again, as I say, my ruling of July 29th.

1     I suppose I could go on. I am not sure there is a
2  lot of point in doing it. But I suppose that I could note
3  that at the bottom of Page 5 Miss Phillips says in a kind of
4  meaningless way, "There can be no criminal prosecution in
5  this instant matter as a criminal act has not been committed
6  nor has the burden of proof of knowledge and intent been
7  met." That we discover when the case is tried but not as a
8  matter of an interim motion.
9     And I suppose that I could also -- and maybe should
10 also -- mention the section that comes just before the
11 conclusion, a section called "Recission, which is the notion
12 which I have to characterize, as sheer nonsense because it
13 once again demonstrates that this business about challenging
14 the idea that the Court has no jurisdiction or authority over
15 Miss Phillips because she describes herself as an original
16 native of the land in Illinois and an actual woman. That has
17 no meaning at all.
18    So as a preliminary the motion that has been filed
19 -- I am pleased that it is filed for the reasons that I have
20 talked about -- but it is of course denied. It is totally
21 without merit, and it is simply going to be in the record as
22 a denied motion.
23    Now, Ms. Phillips, as you may recall, the reason
24 that we had set today's date had been for you to report as to
25 whether you have had the opportunity to consider and to

```
 1   retain counsel to represent you as the defendant in this
 2   criminal case because you are not going to do it yourself.
 3   So let me get a response on that, if I may.
 4            THE DEFENDANT:  Your Honor, for the record River
 5   again speaking on behalf of Cherron Phillips.
 6            THE COURT:  Yes, I know you are because I see you,
 7   but you can call yourself what you like.  The case -- I
 8   simply -- and it is no disrespect for your right to call
 9   yourself whatever you will.  The reason that I have to adhere
10   to calling you Ms. Phillips is because that is the manner in
11   which the case is brought, and I cannot change that.  So
12   however you want to characterize yourself, that is, I
13   suppose, your call, but I should simply confirm for the
14   record that you are the person that is charged as the
15   defendant in this criminal case.
16            Anyway, go ahead.
17            THE DEFENDANT:  And I would have to object to that.
18   But I have a question for the Court.  By what authority will
19   this Court proceed on this matter when the statutes are
20   conflicting?
21            THE COURT:  When the what?
22            THE DEFENDANT:  The statutes are conflicting.
23   There are two --
24            THE COURT:  There are no conflicting statutes.  I
25   have read your argument about that, and that is arrant
```

nonsense, frankly. It just is. You have demonstrated time and again that you don't have the capacity to deal with the legal concepts that are involved. You would be -- you would be seriously -- you have asked periodically and regularly, "Will this prejudice me?" You know what will prejudice you? What will prejudice you are these conceptions that you seem to be pursuing and that if you were to represent yourself would be nothing more than the will toward self-destruction.

  I know I can't persuade you, and I am not trying to persuade you, but you stay with my question, if you would. Have you decided whether you are going to be retaining counsel yourself or not?

  THE DEFENDANT: Well, again I would have to determine whether or not the proceedings are necessary at this point.

  THE COURT: Oh, yes, they are necessary.

  THE DEFENDANT: Okay. But then what authority --

  THE COURT: And you -- by the way, and you don't determine that. That gets determined for you. It has been determined. And I will get to that momentarily. But you stay with the question. You know, it will not do for you to try to evade answering by posing questions of your own that are really irrelevant and truly bizarre, as I have commented in so many different ways.

  And I am sorry to do that because, you know, I

1  don't like the notion of landing on somebody.  But you know
2  you really have to respect the notion that if a question is
3  asked of you, you owe a response and not simply to wait for
4  your turn to talk instead of responding to a question.
5           So I will offer it again.  Have you decided whether
6  you are going to obtain counsel or not?
7           THE DEFENDANT:  And, sir, with all due respect, I
8  posed questions before and those questions were not answered
9  either.  If you noticed in the motion that was presented
10 there were questions that were presented in regards to that
11 particular statute and --
12          THE COURT:  Ma'am --
13          THE DEFENDANT:  -- and again with all due
14 respect --
15          THE COURT:  Ma'am, listen, the last thing I want to
16 do -- I don't want to hold you in contempt.  You know, that
17 is not my style.  But you are disrespecting the whole system,
18 and you can't do that.  I asked you a question.  I expect a
19 response from you.  Do you understand that?
20          THE DEFENDANT:  Well, I guess I am confused then.
21          THE COURT:  No -- oh, yes, that is true, you
22 certainly are confused.  But you answer the question that I
23 have posed to you.  Have you decided on retaining counsel?
24          THE DEFENDANT:  If I -- do you think counsel would
25 be necessary at this point?

1         THE COURT: Oh, yes, I have decided that you cannot
2 represent yourself, and I went through that in elaborate
3 detail at the last session. We set today for the specific
4 purpose of your having the opportunity in the interim to
5 consider and to see -- you had expressed yourself at some
6 earlier point as thinking about somebody, and then you did
7 not pursue that. And out of respect for your ability to
8 choose, I set the thing over for the current time for two
9 reasons: One, to give you the opportunity to file something,
10 which you did on the 5th, but I set today for the express
11 purpose of designating counsel.
12         And what?
13         THE DEFENDANT: Sir, counsel will not be to my best
14 interests.
15         THE COURT: Are you telling me --
16         THE DEFENDANT: I object. I would object to
17 counsel.
18         THE COURT: Are you telling me -- wait. You are
19 telling me that you have decided that you are not going to
20 retain counsel? Have I understood that?
21         THE DEFENDANT: I am stating counsel would not be
22 to my best interest.
23         THE COURT: Let me try again, ma'am. Listen to me
24 and answer. Don't give me this garbage. Try it again. Have
25 you said that you are not going to retain counsel? Whatever

1 your reasons are are your reasons. But are you telling me
2 you are not going to retain counsel?
3 THE DEFENDANT: I am saying that counsel would not
4 be to my best interest, sir.
5 THE COURT: Well, you are wrong about that. And I
6 gather the answer to that is no. And if you have not decided
7 to retain counsel on your own, then the Court is designating
8 counsel to represent you. And that counsel is drawn, and has
9 been drawn originally, as standby counsel. That is Ms.
10 Solomon here, because she was the duty lawyer at the time
11 that the determination was made, and I am appointing her as
12 your counsel.
13 Ms. Solomon.
14 MS. SOLOMON: Good morning, Judge, Lauren Solomon.
15 THE COURT: Yes.
16 MS. SOLOMON: I have not yet spoken with
17 Ms. Phillips to determine her qualifications or ability to
18 afford appointed counsel, so I would ask for leave to do
19 that, to consult with her.
20 THE COURT: You are granted leave to do that. I
21 have indicated, by the way, that this is an unusual
22 situation. I mentioned last time that Ms. Phillips would be
23 expected to demonstrate her qualification for appointment
24 under the Criminal Justice Act, and that involves
25 presentation of a financial statement. I -- and of course I

would expect that is something you will talk to her about. But I am anticipating that, consistent with her stubborn failure to face up to the issues, she may well say, "I am not going to do that. That would not be in my best interests," whatever that means.

And I am nonetheless drawing upon the Criminal Justice Act because that is our means of providing counsel for people who are not in a position to represent themselves.

So the short answer is I am designating you, previously involved solely as standby counsel, as her counsel. And I would expect, yes, you will confer with her about the mechanics of doing that, which would involve normally her showing the financial statement that is required. And if she doesn't qualify for appointment, that poses a dilemma. But I am not going to confront that one yet because I may not have to. So that is step one.

MS. SOLOMON: I have prepared a voucher.

THE COURT: Yes, please.

MS. SOLOMON: I initially prepared it as standby counsel. I have crossed that out.

THE COURT: Thank you.

MS. SOLOMON: I approach and tender to the Court.

THE COURT: Now I have -- so that takes care of subject one. Subject two, I guess, because it denies the motion.

          But I do want to add one other one, and that is
this:  As you know, the case was assigned to my calendar at
random.  I don't know who made the decision about the case
being tried by a judge in this District in a situation in
which colleagues are named as victims and would be
anticipated to testify.  That struck me -- as you notice,
Mr. Stump has been designated from another District, I think
precisely because of the fact that one of the Assistant
United States Attorneys here is also named as one of the
claimed victims of the lien filings here -- and I think that
the sense was an obvious one, and that is that appearances,
as well as the fact of how matters should be done, would be
best served by that kind of designation.

          Now let me emphasize there is nothing in fact
improper about the designation of a judge in this District
because remember that in criminal cases, as in civil cases,
where there are juries involved, the judge does not make any
credibility determination.  So it would not be a matter which
would be I think totally unseemly, of a judge of this Court
to be in a situation in which the judge would be making a
determination about the credibility of a colleague, because
obviously that I think would present the appearance of
impropriety.

          Nonetheless, my sense is that it was really not
good judgment for the determination to have been made as it

1     was that a judge from this District would be presiding over
2     the case. And accordingly I have reported that to our Chief
3     Judge with the different -- with the accession of Judge
4     Castillo as Chief Judge, while former Chief Judge Holderman,
5     as you know, is named as one of the victims, I posed the
6     issue to him. He agreed that it made sense to request that
7     some other -- that a judge out of District be assigned the
8     case. And so pursuant to that he requested the Chief Judge
9     of our Court of Appeals and the Chief Judge of the Court of
10    Appeals has just designated a judge from Peoria to sit as a
11    district judge in this District for purposes of presiding
12    over this trial. That is Judge Michael Mihm. Judge Mihm is
13    going to be handling the case.
14          I am going to -- with that designation having been
15    made, I will make available to Judge Mihm obviously whatever
16    files and records I have in connection with the case so that
17    there is no need to reinvent the wheel. But it is going to
18    be obvious that, as new counsel in the case, you are going to
19    require time to confer with Ms. Phillips and to prepare for
20    that. I simply wanted to alert you to the fact that it is
21    going to be Judge Mihm rather than me and that I think that
22    it has a far better appearance, although, as I say, no
23    impropriety was involved because of the idea that there would
24    be no judgment about credibility.
25          So that is the last item that I have on tap for

today. I am not going to set a next date. I am going to leave -- Judge Mihm is obviously going to have to familiarize himself with the case, and I will leave to him the setting of the schedule for that purpose. But it is clearly appropriate to have time excludable because of continuity of counsel and indeed continuity of judge. So the time from this point forward is going to continue to be excludable under what I had mentioned last time, which was 3161(h)(7)(A) and (B)(iv).

And that is our proceeding for today.

THE DEFENDANT: Judge?

THE COURT: Yes?

THE DEFENDANT: I would like to enter a -- I would like to ask if the Court can show cause why the home detention is required or necessary at this point.

THE COURT: Why the what?

THE DEFENDANT: Why the home detention program is still necessary. The home confinement program. I would like to move for it to be rescinded or terminated.

THE COURT: Home confinement program. As I understood matters, that stemmed, did it not, from one of the Executive Committee orders that --

THE DEFENDANT: No, it did not. No, it did not. There is no evidence before the Court that would have determined or made that requirement here. Certainly --

THE COURT: When was this set up?

| | |
|---|---|
| 1 | THE DEFENDANT: I am sorry? When did this |
| 2 | transpire? |
| 3 | THE DEFENDANT: It initiated on the onset of this |
| 4 | case. |
| 5 | MR. STUMP: Your Honor, this Nathan Stump. The -- |
| 6 | that was a condition of her bond. As you may recall it was |
| 7 | recently amended. She was given a curfew. She is still on |
| 8 | electronic monitoring. And that was a concession that we |
| 9 | made. The United States had a detention motion in place. We |
| 10 | withdrew our detention motion -- |
| 11 | THE COURT: Oh. |
| 12 | MR. STUMP: -- settling for electronic monitoring. |
| 13 | So we are still in favor of that. We would oppose any |
| 14 | removal of that condition. |
| 15 | MS. SOLOMON: If I may -- |
| 16 | THE COURT: Yes? |
| 17 | MS. SOLOMON: -- I would propose that I have the |
| 18 | opportunity to speak with the Pretrial Services Officer -- |
| 19 | THE COURT: Yes. |
| 20 | MS. SOLOMON: -- who is Mr. Brian Kolbus -- |
| 21 | THE COURT: Yes. |
| 22 | MS. SOLOMON: -- and determine what the Pretrial |
| 23 | Service's position on the issue is before any ruling is made |
| 24 | on the -- |
| 25 | THE COURT: I will certainly -- while the case is |

1  here I will certainly consider that.  And so -- but I would
2  like to have the situation posed to me in terms of what the
3  response is of the Probation Office.  And I will consider
4  that as a pending motion that I will anticipate acting on as
5  promptly as I get that kind of input.  So wait just a minute.
6          Let me ask, Mr. Stump, on what basis -- what
7  predicate -- was the notion of detention?
8          MR. STUMP:  Your Honor, it was at the time both the
9  risk of flight and the danger to the community.
10         THE COURT:  Well, I don't know that -- I haven't
11 detected, from at least my involvement in the case, a risk of
12 flight as being one of the issues.  I have been -- I have not
13 been, as you know, receptive to the arguments that
14 Ms. Phillips has posed, but nothing in the presentation of
15 those arguments, which I found to be as I have characterized
16 them, including her challenge to the jurisdiction of the
17 Court, suggested to me that she represented a risk of flight.
18         In terms of danger to the safety of other persons
19 and the community, except for the prospect that she might be
20 inclined to file some added liens, and I haven't heard
21 anything about that, I want to tell you I want to have a
22 pretty good explanation of why those restraints should
23 continue in effect.
24         MR. STUMP:  Your Honor, we are prepared to do that,
25 but I would ask that we have a hearing on that -- that issue.

1     THE COURT: I understand that. But before you do
2  that I know that new counsel has said that she wishes to talk
3  with the Probation Officer. And I assume that you will do
4  that and you can come -- you can confer with Mr. Stump. I am
5  certainly prepared to have, if need be, an evidentiary
6  hearing on the subject.
7     I just wanted to tell you that I have not found --
8  despite the nature of Ms. Phillips' filings, I have not found
9  -- any indication that she poses a risk in either of the two
10 traditional categories that we look at when we make this
11 determination in the bond sense. So I will hold off on that,
12 but I certainly will treat that seriously. And I expect that
13 you people would get back to me as promptly as possible on
14 that subject.
15     Okay. Anything else, Ms. Phillips?
16     THE DEFENDANT: No.
17     THE COURT: Okay, thank you. Thank you all.
18     MS. SOLOMON: Thank you, Judge.
19     MR. STUMP: Thank you, your Honor.
20     THE DEFENDANT: I guess -- I am sorry, one more
21 question. I know Nathan is gone. But when would that
22 hearing be? How soon would that hearing be?
23     THE COURT: Well --
24     MS. SOLOMON: We will have --
25     THE DEFENDANT: Communication.

```
 1              THE COURT:  Yes.
 2              Okay.  Thank you.
 3              MS. SOLOMON:  Thank you, Judge.
 4              THE COURT:  This Court stands adjourned.
 5         (Which were all the proceedings heard.)
 6                        CERTIFICATE
 7      I certify that the foregoing is a correct transcript
 8   from the record of proceedings in the above-entitled matter.
 9
10   s/Rosemary Scarpelli/          Date:  August 7, 2013
```