IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*Plaintiff*<br>v.<br><br>CHERRON MARIE PHILLIPS<br>*Defendant* | No. 1:12-CR-872<br>Judge Milton L. Shadur |

**FILED**
AUG 1 9 2013
8-19-13
THOMAS G BRUTON
CLERK, U S DISTRICT COURT

## MOTION TO OBJECT TO APPOINTED COUNSEL

Comes now, River Bey herein as "Aggrieved Party" (In Propria Persona) on behalf of the "Defendant" CHERRON MARIE PHILLIPS to object to appointed counsel of Lauren Weil Solomon by the court, as Aggrieved party has a fundamental constitutionally secured right to defend herself. In support of this motion, the aggrieved party states as follows:

1. On August 7th, 2013 Court appointed Lauren Weil Solomon to represent the defendant in case 12CR 872 after denying defendants Motion to Object to Further Proceedings.

2. That Judge Shadur denied motion without specific ground. Aggrieved Party ask this court take notice of the plain error affecting a substantial right of the defendant. Furthermore there are decisions in virtually every federal circuit that generously proclaim that as an In Propria Persona "layman", Defendants pleadings are to be construed liberally and that the defendant is to be held less stringent standards than lawyers.

3. Aggrieved Party has informed the Court that she has little confidence in the legal profession of "the assistance of Counsel" from the Bar (i.e. legal establishment).

4. The Presiding Officer and all attorneys are Officers of the Court acting in the Public Trust, are in fact held to strict construction of the law. As such, the presiding officer must, in accordance with the law, afford the Aggrieved Party a broad and liberal construction of the law as she is acting in her own capacity as counsel. When they

attempt to prevent the exercise of the rights of the defendants in court, they are involved in denying that which they swear to uphold—to their discredit and dishonor.

5. It appears to Aggrieved Party that a careful consideration of the words of the Sixth Amendment, securing the fundamental right to counsel of choice must be undertaken here. Since no words were idly selected by the Forefathers, let us emphasize them here and now so that there can be no misunderstanding as to their meaning, for the Aggrieved Party believes her stand in this matter is constitutionally correct.

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation to be confronted with the witness against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense. <u>Sixth Amend U.S. Constitution</u>

6. The aforementioned rights are infringed, abridged, and denied when the word "Counsel" is qualified to mean only attorneys may speak for the defense in a Court of Law.

7. Aggrieved Party is defending to protect the rights, title and interest of the defendant. She does not trust just any attorney whom the government is willing to furnish. Nor will she abandon the position of the private trust.

8. If the men who framed the Bill of Rights meant by "COUNSEL" a licensed attorney, they would have said "licensed attorney". Surely, the Court cannot refuse to recognize this. In the interest of fairness, let the Court grant the Aggrieved Party's motion.

9. Aggrieved party also ask this court to take Judicial Notice that Defendants in criminal cases are allowed to plan their defenses without interference by the Courts, and the Defendant herein claims that same right. Therefore the court in this case must take

note that the Aggrieved Party is not compelled to create and submit perfect legal paperwork in this instant action.

10. Aggrieved party has a right under the First Amendment freely to associate with whom she pleases in her defense and in its preparation and presentation, so long as such is respectful, with decorum and without contempt for orderly rules of procedure which do not deprive one of Rights provided for in the U.S. Constitution. To deny this Right is also to deny her Fifth Amendment Right to Due process of law, which is actually a guarantee of fundamental fairness. Numerous courts have ruled that if the Court can reasonably read the submission, it should accept them, despite said submissions failure to cite proper legal authorities, confusion of legal theories, poor syntax and sentence construction, and/or litigants unfamiliarity with rule requirements. *Boag v. MacDougall*, 454 U.S. 364, 02 S. Ct. 700, 70 L. Ed 2d 551(1982); *Estelle v. Gamble*, 429 U.S. 97, 106 97 S. Ct 285, 50 L. Ed. 2d 251(1976) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 2 L. Ed 2d 80 (1957).

11. Aggrieved party has not only the right to speak for herself, but also to speak through whom she pleases. This is inherent in the First Amendment right to freedom of speech. It is also self evident as a part of the Natural rights doctrine. Those rights which are outlined by the Declaration of Independence, which antedates all government. They are natural or God-given rights, rather than government-given rights. AP does not claim any "attorney given rights, but demand that her god given, natural rights not be infringed upon.

## CONCLUSION

The aggrieved party trusts the Presiding officer of this tribunal will take notice of her status "In Propria Persona" and that the Presiding officer is aware of the law pertaining to one acting In Propria Persona and will proceed accordingly. Presiding officer haven taken an Oath of Office to uphold the Constitution of the United States has a duty to act impartially,

and preside over this case in a professional manner abiding by the Rule of Evidence protecting the interest of the defendant. Aggrieved party herein believes it is vital to her defense to seek whatever assistance she can trust, and that if she decides to be assisted by either licensed or unlicensed Counsel, she has every right to do so. If a combination of both may be to her advantage, to deny her that right would constitute unreasonable and arbitrary interference with her defense, by denying her fundamental right to freely associate with whom she chooses; to freedom of speech; to freedom to Petition for Redress of Grievances.

**WHEREFORE**, Aggrieved Party moves this Honorable court to grant this motion and to allow her choice of counsel if she so chooses as she see fit and qualified to aide in her defense.

Respectfully Submitted

By: *[signature]*

Cherron M. Phillips
c/o P.O. Box 802625
Chicago Illinois [60680]
312.857.5456

# AFFIDAVIT OF SERVICE

Cook county )
Illinois state ) affirmed and subscribed
United States of America )

It is hereby affirmed and certified that on the date noted below, the undersigned mailed to:

Untied States District Court
Clerk of the Court
219 S. Dearborn
Chicago Il 60604

Stephen R.Wigginton U.S. Attorney
Nathan D. Stump AUSA
U.S. Attorney's Office
9 Executive Drive
Fairview Heights, IL 62208

Certificate of Mailing

Hereinafter "Recipient(s) the documents and sundry paper regarding *United States v. Phillips No. 1:12-cr- 0872* as follows:

1. Notice of Motion
2. Motion to Object to Appointed Counsel

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 15th, 2013

_____
Affiant

T. Hoye
c/o 9449 S Kedzie
Evergreen Park Illinois 60805

# JURAT

Cook county )
Illinois state )affirmed and subscribed
United States of America )

Subscribed and sworn to (or affirmed) before me on this 15th day of August, 2013 by T. Hoye _____ proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____
(Signature of notarial officer)



RAMADAN ALI
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
August 23, 2016

Title: ____Notary Public____
Printed Name: RAMADAN ALI