**FILED**

AUG 1 9 2013
8-19-13
THOMAS G BRUTON
CLERK, U S DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 1:12-CR-872 |
| *Plaintiff* | Judge Milton L. Shadur |
| v. | |
| CHERRON MARIE PHILLIPS | |
| *Defendant* | |

## MOTION TO RESCIND DETENTION ORDER

Comes now, River Bey herein as "Aggrieved Party" on behalf of the "Defendant" CHERRON MARIE PHILLIPS to move this court for an order to rescind detention order pursuant to the Bail Reform Act and state as follows:

1.      This matter comes before the Court on the Aggrieved Parties motion to rescind pretrial detention order pursuant to the Bail Reform Act. The Bail Reform Act provides that the Defendant shall be detained only if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the defendant as required for the safety of any other person and the community. 18 U.S.C. sec 3142(e).

2.      A detention hearing was held on November 9th, 2012 wherein the Prosecutor Nathan Stump stipulated the terms of the release stating the herein Aggrieved party to be a flight risk. There was no supporting evidence to support this allegation.

3.      At the time of the hearing the aggrieved party was living with family, actively involved on community projects and labored as an independent contractor to maintain the needs of her family.

4.      Aggrieved party currently cares for herself and two small children and in addition is responsible for other family members periodically.

5.      In order to obtain a detention order, the Government must demonstrate either (1) by clear and convincing evidence that "no conditions other than detention will reasonably assure the safety of any other person and the community, " United States v. Simms, 128 F. App' x 314, 315 (4th Cir 2005), citing 18 U.S.C. section 3142 (f)(2); or (2) by preponderance of the evidence that detention is necessary to reasonably assure the appearance of the defendant at future court proceedings. United States v. Stewart, 19 F. App' x 46, 48 (4th Cir. 2001)

6.      Aggrieved party has not demonstrated that she is a flight risk or a danger to the community, moreover the opportunity to continually prepare for case call management in addition to other obligations makes it difficult under the restrictive time constraints.

        **WHEREFORE,** Aggrieved party respectfully moves this court to release its order of detention, as there is no evidence before the court to persuade it any further.

Respectfully Submitted

By: _____

Cherron M. Phillips
c/o P.O Box 802625
Chicago Illinois [60680]