UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-CR-872 |
| | ) | |
| CHERRON MARIE PHILLIPS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on its decision to revoke Defendant Cherron Marie Phillips' ("Defendant") ability to represent herself and appoint her counsel.

**Background**

On November 8, 2012, a twelve count indictment was filed against Defendant charging her with retaliation against a federal judge or federal law enforcement officer by false liens in violation of 18 U.S.C. § 1521. (ECF No. 1). On November 13, 2012, Defendant appeared before Judge Shadur with a court appointed attorney and advised that she did not want him to represent her. (Minute Entry dated 11/13/2013 "[Attorney] Steven Levy appeared but defendant stated that she did not want him representing her."). Subsequently, Defendant appeared without counsel, and because the Defendant would not enter a plea, a plea of not guilty was entered on her behalf. (Minute Entry dated 11/19/2012). On January 22, 2013 Judge Shadur held a hearing in which the following was noted:

> Defendant's failure to obtain her own counsel despite being provided with more than an ample opportunity to do so, coupled with her refusal to apply for appointed counsel under the Criminal Justice Act, constitute the equivalent of her exercise of her constitutional right to represent herself, and this Court so orders.

1

(Minute entry dated 1/22/2013. On July 16, 2013, Defendant was allowed to continue to represent herself with standby counsel being appointed. (Minute Entry dated 7/16/2013; *see also* Minute entry dated July 19, 2013 appointing Federal Defenders office as standby counsel). Defendant objected to the appointment of standby counsel. On the trial date (July 29, 2013), just prior to the selection of the jurors, Judge Shadur delayed the trial and rejected Defendant's decision to represent herself. (*See* MINUTE entry dated 7/29/2013 "Jury trial had been called to begin on 7/29/2013. For reasons stated at length in open court, defendant's previously - stated and court - approved decision to represent herself without the assistance of counsel is rejected, with such rejection determined not to constitute a violation of her Sixth Amendment rights. Defendant is ordered to seek counsel to represent her in this case on or before 8/7/2013."). In discussing the reasons for his decision, Judge Shadur specifically noted his concern of the Defendant's conduct during (and after) the *voir dire* conference that had occurred on July 23, 2013, and pretrial conference that was held on July 26, 2013. (ECF No. 64, transcript of the proceeding dated July 29, 2013).

Notably, in his discussion on July 29, 2013, Judge Shadur also referenced memorandums and motions in which the Defendant invoked the Federal Rules of Civil Procedure and attacked the jurisdiction of the Court. (*See* ECF No. 64 at 8, Judge Shadur explained "As I was doing this over the weekend in part by reviewing the course of proceedings, I found once more the original extraordinarily bizarre filings that you had made which included, you know, the references to kind of separation between you and a so-called trust and estate, things from which you backed away when I ended up -- I ended up saying, 'What do we do with that?' And you withdrew that. And yet last Friday one of the three documents that you submitted was something that returned to the absurd position that the Cherron Phillips Estate/Trust is a creditor and the United States is

a debtor. I mean we can't operate in those terms."). At that time, the record contains numerous motions of the Defendant that are wholly irrelevant or otherwise without merit. For example, Defendant three times filed a "Motion for Hearing on Default Pursuant to FRCP 55(2)(d)" in which she moved for default judgment or, in the alternative, a stay. (ECF Nos. 46, 48 and 55). Defendant also filed a "Motion to Dismiss Indictment" arguing that the 18 U.S.C. § 1521 is unconstitutional on its face and as applied to her. (ECF No. 45); *also see* Defendant's "Forgive Me" letters (ECF Nos. 28); and "Motion to Objection to Further Prosecution" (ECF No. 69). Defendant was directed to obtain counsel by August 7, 2013.

During the hearing held on August 7, 2013, it was revealed that the Defendant had not obtained counsel and Judge Shadur appointed attorney Lauren Solomon to represent her. (ECF No. 67). Judge Shadur explained:

> I will tell you for me the bottom line is that the kind of obstructionism that you have continued to exhibit really undercuts your ability to proceed by self-representation, although I made every reasonable effort to preserve the ability despite what I have to characterize as shenanigans.

(*See* Transcript of Proceedings held on July 29, 2013, p. 9-10).

On August 7, 2013, this case was designated to this Court pursuant to 28 U.S.C. § 292(b). (*See* ECF No. 68). Shortly thereafter, this Court scheduled a status hearing for August 28, 2013. (See MINUTE entry dated 8/14/2013). Prior to the status hearing, Defendant made several filings, including two Motions to Object to Appointed Counsel. (*See* ECF Nos. 77, 82 "Motion by River Bey 'Agrreived Party' on behalf of defendant Cherron Marie Phillips to object to appointed counsel;" and 84; *see also* ECF Nos. 79 and 83).

During the August 28, 2013, status hearing, this Court allowed Defendant's motions to represent herself, but standby counsel was directed to remain in place. (*See* MINUTE entry dated 8/28/2013). Defendant was admonished at the hearing that the Court would not hesitate to

3

revoke her status to represent herself if she continued to file frivolous and disruptive motions. Defendant affirmatively indicated that she would comply. A pre-trial conference was scheduled for October 16, 2013, and a trial date of December 16, 2013, was established. *Id.*

Prior to the October 16, 2013, hearing, Defendant filed a Motion to Dismiss and a document entitled "Final Settlement." (*See* ECF Nos. 89 and 93). These documents were similar to those that the Defendant previously filed, and reflected exactly the type of frivolous documents Judge Shadur and this Court had warned Defendant to cease filing or lose her ability to represent herself. To highlight the frivolous nature of the filings, the Court would note the following statements contained in the documents:

> That the UNITED STATES has mistakenly sought to attached the living body of the Executrix River Bey of the CHERRON MARIE PHILLIPS TRUST as territorial property of the UNITED STATES.
>
> That by this notice, I now rescinds (sic) any and all signatures and assumed powers of attorney placed on any forms, documents, or the like acted upon on or around November 9th, 2012. They were signed while under treat, intimidation and undue influence and may be found in the opportunistic use of a position of dominance thereby making any agreements void.
>
> That the trust has sufficient assets, which were tendered to this court on May 29th, 2013 to quiet any claims against it which is an adequate remedy at law.
>
> That I River Bey, am indemnified from any liability acting not in her individual capacity, but solely as Executor for the benefits of the Beneficiaries under the Agreement.

(ECF No. 89 at 1-2)

> Enclosed are documents and photographs presented in this case labeled PHILLIPS 00001-01369. All initial discovery have been accepted for value and returned for settlement and discharge of the accounting. Please apply all letters of credit for balance book adjustment for any claims made dollar for dollar of the full face value of the amounts listed in this case.

(ECF No. 93 at 2). (*Compare* ECF Nos. 89 and 93 with previously filed documents ECF Nos. 45, 48, 53, 54, and 55).

During the October 16, 2013, hearing, this Court determined that the Defendant was unwilling or unable to adhere to her commitment to avoid making frivolous and disruptive filings. The Court also found that it was appropriate for the Defendant to undergo a competency examination (and sanity examination). (*See* MINUTE entry dated 10/16/2013; *see also* ECF No. 92).

Defendant was initially scheduled to appear for the competency examination on November 25-26, 2013. The Defendant did not appear as scheduled, noting that she had a misunderstanding about the date(s) of the examination. A new date was established for the examination and the hearing on competency issue. (MINUTE entry dated 12/11/2013; hearing to be held on February 19, 2014). Notably, the examination was delayed for reasons outside the control of the Defendant and a new hearing date of March 26, 2014, was established during a status conference held on February 20, 2014. During the status conference on February 20, 2014, this Court also expressed its concerns about Defendant's ability to represent herself and appointed Ms. Laura Solomon to represent the Defendant. The Court noted that it would create a more complete record during the March 26, 2014, hearing. During the hearing, Defendant presented the Court with a standing objection to the appointment of counsel. (ECF No. 109). In her standing objection, Defendant asserted that the Court does not have subject matter jurisdiction because the "Indictment before the court does not evidence an Act of Congress." (ECF No. 109).

The government did not take a position on the appointment of counsel issue, noting however, that the "safer" position (for appeal purposes) would be for this Court to allow her to represent herself. The government also presented to the Court case authority examining the appointment of counsel in cases involving mental competency. *Indiana v. Edwards*, 554 U.S.

164 (2008); *United States v. Berry*, 565 F.3d 385 (7th Cir. 2009). Although these cases are instructive on the general issue of right of self-representation, the decision in this case, as more fully explained below, does not revolve around the Defendant's mental capacity.

## **Discussion**

Although right of self-representation must generally be honored, such right is not absolute. *Edwards*, 554 U.S. at 171. In cases where "[ ] a defendant [ ] deliberately engages in serious and obstructionist misconduct [,]" the court can terminate the right to self-representation. *Faretta v. California*, 422 U.S. 806, 834 (1975); *United States v. Brunson*, 482 Fed.Appx. 811, 817 (4th Dist. 2012). The Seventh Circuit has examined the right of self-representation in the case of *United States v. Brock,* 159 F.3d 1077 (7th Cir. 1998). In *Brock*, the Court explained:

> *Illinois v. Allen,* a case that deals with the Sixth Amendment right to be present at trial, provides guidance regarding the type of conduct that justifies imposing counsel on an unwilling defendant. 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). In *Allen,* the Court held that a "defendant can lose his right to be present at trial if, after he has been warned by the judge ... he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom." Id. at 343, 90 S.Ct. at 1060-61. The Court further concluded that "trial judges confronted with disruptive, contumacious, stubbornly defiant defendants must be given sufficient discretion to meet the circumstances of each case." Id. at 343, 90 s.Ct. at 1061. In *United States v. Dougherty,* the D.C. Circuit extended this rationale to the right to self-representation. 473 F. 1113, 1125 (D.C.Cir. 1972) (holding that, under *Allen,* "obstreperous behavior may constitute waiver of the *pro se* right"). We agree with the D.C. Circuit that when a defendant's obstreperous behavior is so disruptive that the trial cannot move forward, it is within the trial judge's discretion to require the defendant to be represented by counsel.

In *Brunson*, the Fourth Circuit found that the District Court's decision that the Defendant could not continue to represent herself was correct by explaining:

> [ ] the district court had sufficient grounds to revoke the Appellants' *pro se* status and appoint full-time counsel for them. Throughout this case (and in the

> receivership case as well), the Appellants disrupted the proceedings, making it difficult, if not impossible, for the district court to try the case without the appointment of full-time counsel. By the time the district court appointed full-time counsel for the Appellants, the Appellants had filed numerous nonsensical *pro se* motions, and the district court had presided over numerous hearings in which the Appellants put forth such nonsensical arguments. From the get-go, the Appellants refused to acknowledge that they were the defendants named in the indictment, indicating instead that they were the "intervenors." Under such circumstances, it was impossible for the district court to conduct any type of meaningful dialogue with the Appellants, and, without such dialogue, it was impossible for the district court to try the case. Moreover, after the district court's January 2009 ruling, the Appellants gave the district court no indication that they were willing to stop their disruptive and obstructive conduct. At the hearing on the day of jury selection, the Appellants continued to claim they were not defendants in the case and that the district court did not have jurisdiction. In sum, under the circumstances before it, the district court certainly acted within its discretion when it appointed full-time counsel to thwart the Appellants' ongoing manipulative effort to delay and disrupt the criminal trial.

*Brunson*, 482 Fed.Appx. at 818.

Based on the Defendant's behavior in this matter, the Court is convinced that she cannot or will not represent herself without conducting herself in a manner that is unreasonably disorderly, disruptive, and disrespectful of the Court. The Defendant has been given multiple opportunities to fashion her actions and conduct in a manner that would conform to that which would be minimally acceptable, and has utterly failed. Defendant was warned on several occasions by Judge Shadur about her conduct and he ultimately found it necessary to appoint counsel. This Court reluctantly reversed that decision based largely on the representation of Defendant that she would conform her conduct. That has not happened. Indeed, Defendant immediately continued to file her frivolous motions and also failed to appear at her initially scheduled competency examination. Finally, it should also be noted that Defendant often refuses to answer questions without attempting to advance her disruptive agenda by asking if "she can ask a question." (*See e.g.* ECF No. 64 at 5 "THE DEFENDANT: May I ask a question? THE COURT: Sure. You know, I have got to tell you, however, it has never advanced us for you to

respond to one of my questions by saying, "May I ask a question?" I always try to deal with those, but that is not going to deflect your having to answer the question I pose. So you tell me what your question is."). Under these circumstances, the Court finds it necessary to appoint counsel to thwart the Defendant's repeated efforts to disrupt and delay this proceeding.

### **Conclusion**

For the reasons stated herein, this Court finds that Defendant has engaged in an ongoing effort to deliberately disrupt this proceeding and it is necessary to appoint counsel to represent her on all further matters in this proceeding.

Entered this 4th day of April, 2014.

/s/ Michael M. Mihm
_____
Michael M. Mihm
U.S. District Court Judge