IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 1:12-CR-872 |
| ) | |
| CHERRON MARIE PHILLIPS ) | |

## GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE EXPERT TESTIMONY FROM DR. DIANA GOLDSTEIN

The United States has recently learned that the defense may call as a witness at trial the Court's retained psychological expert, Dr. Diana Goldstein. The purpose of such a move is unclear. Dr. Goldstein's opinions in this matter concern the defendant's competency to stand trial and her sanity at the time of the offense. The defendant has not provided the United States with written notice of its intention to introduce any expert evidence relating to her mental state, as required by the Federal Rules. *See* Fed. R. Crim. P. 12.2(b)(1).

Federal law provides that it is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the offense, the defendant, as a result of a severe mental disease or defect, was "unable to appreciate the nature and quality or the wrongfulness" of her acts. 18 U.S.C. § 17(a). "Mental disease or defect," however, "does not otherwise constitute a defense." *Id.* The Federal Rules of Evidence provide that in a criminal case, "an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone." Fed. R. Evid. 704(b).

More importantly, Dr. Goldstein's opinions do nothing to negate the defendant's mens rea. "Nothing in Defendant's medical reports supports Defendant's assertion that he did not know he was filing a false lien... in violation of federal statutes. * * * Defendant's medical experts do nothing more than reveal Defendant's... 'diminished ability or failure to reflect adequately upon the consequences or nature of [his] actions....' The Fourth Circuit has consistently held that such excuses [and] justifications are inadmissible under the [Insanity Defense Reform Act of 1984 – 18 U.S.C. § 17(a)]." *United States v. Chance*, No. AW-10-0760, 2011 U.S. Dist. LEXIS 132731, *25 (D. Md. Nov. 17, 2011), *aff'd*, No. 12-4142, 496 F. App'x 302, 306, 2012 U.S. App. LEXIS 22956 (4th Cir. Nov. 6, 2012) (quoting *United States v. Worrell*, 313 F.3d 867, 872 (4th Cir. 2002)).

"A defendant is not entitled to have the jury consider a defense for which there is no probative evidence." *United States v. Rainone*, 32 F.3d 1203, 1208 (7th Cir. 1994) (affirming district court's refusal to allow defendant to introduce evidence at trial of his Alzheimer's disease, as there was no evidence he had it when the conspiracy was ongoing). The testimony of Dr. Goldstein may be relevant to the defendant at sentencing, but it is irrelevant to the question of guilt or innocence, which is the only question properly placed before the jury. To allow Dr. Goldstein to testify would be to inject needlessly a host of psychological issues that would only serve to confuse and potentially mislead the jury, waste time, and unduly delay the trial. It would also invite jury nullification. These risks substantially outweigh any probative value Dr. Goldstein's testimony might possibly have. Accordingly, pursuant to Rule 403, this Court should not allow her to testify at the trial.

The United States recognizes that this Motion is being filed beyond the deadline set for motions *in limine* and asks that its tardiness be excused for good cause. It was only on Friday, June 6, 2014, that the undersigned attorney learned that the defense had contacted Dr. Goldstein about testifying at the trial.

Respectfully submitted this the 8th day of June, 2014.

                                      ERIC H. HOLDER, JR.
                                      Attorney General of the United States

                                      *s/ Nathan D. Stump*
                                      NATHAN D. STUMP
                                      Special Assistant United States Attorney
                                      9 Executive Drive
                                      Fairview Heights, Illinois 62208
                                      Tel: (618) 628-3700
                                      Fax: (618) 628-3720
                                      Email: nathan.stump@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 1:12-CR-872 |
| | ) | |
| CHERRON MARIE PHILLIPS | ) | |

## CERTIFICATE OF SERVICE

I, Nathan D. Stump, Assistant United States Attorney, hereby certify that on this the 8th day of June, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically serve a copy upon all counsel of record, including Lauren Weil Solomon, Esq., counsel for defendant.

*/s/ Nathan D. Stump*
NATHAN D. STUMP
Special Assistant United States Attorney
9 Executive Drive
Fairview Heights, Illinois 62208
Tel: (618) 628-3700
Fax: (618) 628-3720
Email: nathan.stump@usdoj.gov