IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 1:12-cr-872 |
| CHERRON MARIE PHILLIPS, ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Defendant Cherron Marie Phillips, also known as River Tali Bey, is charged with 12 counts of retaliating against a federal judge or federal law enforcement officer by false claim, in violation of 18 U.S.C. §§ 1521 and 2 (Doc. 1). More specifically, it is alleged that Phillips filed and/or aided and abetted the filing of false liens and encumbrances against the real and personal property of numerous federal judges, prosecutors and law enforcement agents (or attempted to do so). Phillips is represented by court-appointed counsel and trial is set to commence June 16, 2014.

On June 5, 2014, Defendant Phillips filed a *pro se* notice of interlocutory appeal and petition for stay pending appeal (Doc. 131). Phillips challenges the Court's May 21, 2014, ruling denying her *pro se* notice of filing and notice and demand for jurisdictional hearing (Doc. 125). The Court declined to permit *pro se* filing amounting to hybrid representation, and further found that the issue of jurisdiction had been previously considered and rejected (*see* Docs. 45, 51, 53, 56, 59, 65, 69, 89, 110, 113). Despite the filing of a notice of appeal, the Court finds that it retains jurisdiction over this case and that this case may proceed to trial on June 16, 2014.

## Analysis

Generally, when a notice of appeal is filed, the district court is divested of jurisdiction over the aspects of the case involved in the appeal. *United States v. Ali*, 619 F.3d 713, 722 (7th Cir. 2010). However, because a defendant may file an unjustified or frivolous appeal in order to stall proceedings, a district judge may certify that the appeal is frivolous and proceed to trial. *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989); *see also Mercado v. Dart*, 604 F.3d 360 (2010).

"Appellate jurisdiction is generally limited to review of 'final decisions' by the district courts." *United States v. Ewing*, 494 F.3d 607, 614 (7th Cir. 2007), *citing* 28 U.S.C. § 1291. "This limitation embodies a strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals." *Id.*, *citing United States v. Nixon*, 418 U.S. 683, 690 (1974). "In the criminal context, the general rule is that an appeal may not be taken until a sentence has been imposed." *Id.*, *citing Holman v. Gilmore*, 126 F.3d 876, 881 (7th Cir. 1997). In Phillips' situation, trial has not occurred, let alone sentencing.

Title 28 U.S.C. § 1292 allows appeals from certain interlocutory orders, such as orders regarding injunctions, disputed controlling questions of law, and certain ruling and judgments from specific courts –none of which are relevant to the situation at bar. Similarly, the "collateral order" doctrine permits an interlocutory appeal on a very narrow range of issues.

> To come within this narrow exception, a trial court order must, at a minimum, meet three conditions. First, it must conclusively determine the disputed question; second, it must resolve an important issue completely separate from the merits of the action; third, it must be effectively unreviewable on appeal from a final judgment.

*Flanagan v. United States,* 465 U.S. 259, 265 (1984) (internal quotation marks and citations omitted).

> Of importance here, the Supreme Court "has found only three types of pretrial orders in criminal prosecutions to meet the requirements [of the collateral-order exception]. Each type involves an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial." *Flanagan v. United States,* 465 U.S. 259, 265-66, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984) (internal quotation marks omitted). The rights that have been deemed sufficient for a collateral-order appeal in a criminal proceeding are (1) the right to pretrial bail, *Stack v. Boyle,* 342 U.S. 1, 4, 72 S.Ct. 1, 96 L.Ed. 3 (1951); (2) the right not to be placed in double jeopardy, *Abney v. United States,* 431 U.S. 651, 659-60, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977); and (3) … the right of a Member of Congress to avoid questioning based on the Speech or Debate Clause, *Helstoski v. Meanor,* 442 U.S. 500, 506-07, 99 S.Ct. 2445, 61 L.Ed.2d 30 (1979).

*United States v. Jefferson*, 546 F.3d 300, 309 (4th Cir. 2008).

Defendant Phillips challenges the district court's ruling denying her motion(s) to dismiss the indictment for lack of jurisdiction, which is not one of the three recognized types of pretrial orders from which an interlocutory appeal may be taken. In *Catlin v. United States*, 324 U.S. 229, 236 (1945), the Supreme Court stated, "denial of a motion to dismiss, even when the motion is based upon jurisdictional grounds, is not immediately reviewable." *See also Abelesz v. OTP Bank*, 692 F.3d 638, 650 (7th Cir. 2012) (denial of a motion to dismiss for lack of personal jurisdiction is not an appealable collateral order). "True, the petitioner will have to hazard a trial … before he can get a review of whether he should have been tried …, but 'bearing the discomfiture and cost of a prosecution for crime even by an innocent person is one of the painful obligations of citizenship.' *Parr v. United States*, 351 U.S. 513, 519-520 (1956) (quoting *Cobbledick v. United States*, 309 U.S. 323, 325 (1956).

"The general rule ... that an appeal suspends the district court's power to proceed further in a cause ... has no application where there is a purported appeal from a nonappealable order.

*United States v. Cannon*, 715 F.2d 1228, 1231 (7th Cir. 1983), citing *United States v. Bastanipour*, 697 F.2d 170, 173 (7th Cir. 1982). Phillips' appeal is impermissible and merely a delaying tactic. Accordingly, this Court finds that Defendant Phillips' interlocutory appeal is frivolous and does not divest the district court of jurisdiction to proceed to trial.

As directed in *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989), the district court will send a copy of this Order certifying that the appeal is frivolous and trial shall proceed on June 16, 2014.

## Motion to Appeal *In forma Pauperis*

Pursuant to 28 U.S.C. § 1915(a) and Federal Rule of Appellate Procedure 24, Phillips has filed a motion for leave to appeal *in forma pauperis* (Doc. 132). Although Phillips has previously been appointed counsel (Docs. 23, 116) she has not previously sought pauper status. She now presents a financial affidavit, by and through her purported "authorized agent," River Tali Bey—Phillips' alias. The affidavit indicates (without any detail or support) that Phillips has no financial assets with which to pay the $505.00 appellate filing fee.

Regardless of the propriety or accuracy of the financial affidavit, an appeal may not be taken *in forma pauperis* if the district court certifies that the appeal is not taken in good faith. 28 U.S.C. §1915(a)(3). For the reasons stated above, Phillips' interlocutory appeal is frivolous and, therefore, not taken in good faith. Consequently, Phillips' motion for pauper status on appeal (Doc. 132) will be denied. Phillips may apply to the Court of Appeals for leave to proceed *in forma pauperis*.

## Conclusion

For all of the foregoing reasons, the Court concludes and **CERTIFIES** pursuant to *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989), that Defendant Phillips' interlocutory appeal

and petition to stay the proceedings in the district court pending appeal (Doc. 131) are **FRIVOLOUS**. Accordingly, the district court concludes that it has not been divested of jurisdiction to proceed in this case by the filing of Defendant Phillips' notice of appeal and petition to stay the proceedings. This matter will proceed to trial, as currently scheduled, at 9:30 a.m. on Monday, June 16, 2014. Counsel and Defendant Phillips shall appear by 9:00 a.m. in Courtroom 2125, the United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois 60604. All deadlines previously set remain in force. A separate notice regarding the trial setting and trial procedures will issue.

**IT IS FURTHER ORDERED** that, because the notice of appeal and petition to stay the proceedings are frivolous, Phillips' motion for leave to proceed *in forma pauperis* on appeal (Doc. 132) is **DENIED**. Phillips may apply directly to the Court of Appeals for the Seventh Circuit for leave to appeal *in forma pauperis*.

The Clerk of Court is **DIRECTED** to transmit a copy of this Order to the Court of Appeals for the Seventh Circuit for filing in Phillips' appeal (case number not yet assigned).

**IT IS SO ORDERED.**

**DATED: June 7, 2014**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**