IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:12-cr-872 |
| CHERRON MARIE PHILLIPS, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Defendant Cherron Marie Phillips is charged with 12 counts of retaliating against a federal judge or federal law enforcement officer by false claim, in violation of 18 U.S.C. §§ 1521 and 2 (Doc. 1). More specifically, it is alleged that Phillips knowingly filed and/or aided and abetted the filing of false liens and encumbrances against the real and personal property of numerous federal judges, prosecutors and law enforcement agents (or attempted to do so).

Before the Court are the Government's motions in limine (1) seeking to bar Defendant Phillips from claiming ignorance of the law (Doc. 127); and (2) requesting exclusion of expert testimony from Dr. Diana Goldstein (Doc. 136). These two motions are being considered together because they turn on related legal principles.

*In limine* is Latin for "at the outset." A motion in limine is a motion made at the outset or threshold of the case, typically prior to the commencement of trial. *See* Black's Law Dictionary (9th ed. 2009). The practice of using such rulings has developed under the district court's inherent authority to manage trials. *Luce v. U.S.,* 469 U.S. 38, 41 n.4 (1984).

Motion in limine rulings are made before the district court has had a chance to hear all of the evidence or see the trial develop. As such, these rulings are preliminary and may be revisited based on the court's exposure to the evidence at trial. *U.S. v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989), *citing Luce,* 469 U.S. at 41 ("a ruling [in limine] is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."). Furthermore, a court may defer decision on a motion in limine until trial, if the motion needs to be placed in a fact-specific or evidence-specific context. *See Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir.), *cert. denied,* 423 U.S. 987 (1975)(often, the "better practice is to deal with questions of admissibility of evidence as they arise," presenting the issues in a specific context, rather than excluding broad categories of evidence prior to trial); *U.S. v. Brown,* 2011 WL 43038, *3 (N.D. Ill. 2011)(delaying ruling may afford the judge a better opportunity to gauge the impact of the evidence in question); *National Union Fire Ins. Co. v. L.E. Myers Co. Group,* 937 F. Supp. 276, 287 (S.D. N.Y. 1996)(district court can deny a motion in limine that lacks the necessary specificity as to the evidence to be excluded or the reason for the introduction of such evidence; court also can reserve ruling until trial, when admission of particular pieces of evidence can be viewed in an appropriate factual context.).

With these principles in mind, the Court turns to the motions in limine before the Court.

### **Ignorance of the Law**

The Government indicates that as evidence of Defendant's guilt, it intends to introduce letters Defendant sent to victims after the liens were filed, in which she states, "I had no intentions of causing harm and thought I was following the law. I simply

thought at the time I was doing the right thing." Highlighting that 18 U.S.C. § 1521 requires a defendant to have filed a lien or encumbrance "knowing or having reason to know" of its falsity, the Government moves to precluded Defendant Phillips from claiming ignorance of the law as a defense. It is further argued that ignorance of the law is no defense (*see United States v. Costello*, 666 F.3d 1040, 1048 (7th Cir. 2012), and Phillips can be found guilty if she merely had reason to know—if a reasonable person with the same information would have known the liens were false (*see United States v. Williams*, 746 F.3d 987, 994 (10th Cir. 2014)); From the Government's perspective, allowing Defendant to present her personal views of what the law is, not only violates the precept that the Court determines the law, but creates confusion for the jury.

The Government correctly observes that Phillips' intentions and whether she was mistaken regarding the law or the lawfulness of her actions is not relevant to the burden of proof for a Section 1521 violation. Rather, under Section 1521 the focus is on whether she knew or had reason to know the *lien* itself was false. A debt or obligation is a prerequisite to a lien (*see* Black's Law Dictionary (9th ed. 2009), so as a practical matter the relevance of Phillips' personal legal theories is not readily apparent at this juncture. Therefore, Defendant shall not be permitted to argue ignorance of the law. Furthermore, allowing Phillips to interject her personal legal theories would certainly confuse the jury, contrary to Federal Rule of Evidence 403.

Let there be no doubt, it is *the Court* that will provide the jury with the relevant law by way of the jury instructions. (*See* Government's Jury Instruction No. 1 (7th Cir. Pattern Jury Instruction 1.01), to which Defendant did not object during the jury instruction conference).

The Government's motion in limine (Doc. 127) is **GRANTED**; Defendant shall not argue ignorance of the law to the jury.

### Dr. Diana Goldstein

Dr. Diana Goldstein was the psychologist who evaluated Defendant Phillips regarding Defendant's sanity at the time of the offense and competency to stand trial. The Government moves to exclude expert testimony by Dr. Goldstein regarding Defendant's mental state because Defendant has not provided written notice as required by Federal Rule of Criminal Procedure 12.2(b). Furthermore, the Government observes that, other than when, because of mental disease or defect, a defendant is unable to appreciate the nature and wrongfulness of her acts, mental disease or defect is not a defense. *See* 18 U.S.C. § 17(a). Consequently, the Government asserts that Dr. Goldstein's expert testimony is irrelevant to whether Phillips violated 18 U.S.C. § 1521, and would only confuse the jury.

The Government is correct. Phillips has not properly asserted an affirmative defense based on any mental defect, or properly given notice of an intent to present expert testimony. Moreover, Dr. Goldstein's expert testimony is not relevant and would only serve to confuse the jury.

The Government's motion in limine (Doc. 136) is **GRANTED**; Dr. Diana Goldstein shall not be permitted to offer expert testimony at trial regarding Defendant's mental state.

In addition to the factors already stated, when considering the Government's motions in limine the Court has also been mindful of the following guiding principles, as summarized in *United States v. Laguna*, 693 F.3d 727 (7th Cir. 2012).

> Like all criminal defendants, [Defendant] has the right to present a defense and offer witness testimony. *Holmes v. South Carolina,* 547 U.S. 319, 324, 126 S.Ct. 1727, 164 L.Ed.2d 503 (2006) (Criminal defendants must have "a meaningful opportunity to present a complete defense."). But this right is not absolute. Rather, "judges may exclude marginally relevant evidence and evidence posing an undue risk of confusion of the issues without offending a defendant's constitutional rights." *United States v. Alayeto,* 628 F.3d 917, 922 (7th Cir. 2010).

*Id*. at 730.

As in *Laguna*, the Court also fears that evidence that is irrelevant and would do little more than confuse the jury would invite "jury nullification"—an acquittal even if the government satisfied each element of the charged offense.  *See Id*. at 730-31 *(citing, e.g., United States v. Perez,* 86 F.3d 735, 736 (7th Cir.1996) ("An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly."))*.*  The Court will be mindful of these principles at trial.

**IT IS HEREBY ORDERED** that, for the reasons stated, the Government's motions in limine (Docs. 127, 136) are **GRANTED**.

Since motions in limine are, by their very nature, based upon proposed and anticipated, rather than actual, testimony they are considered provisional and subject to re-review upon request.  Moreover, the Court will also consider charging the jury with an appropriately crafted cautionary instruction regarding the Rule 404 evidence.

**IT IS SO ORDERED.**

**DATED: June 12, 2014**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**