IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 1:12-cr-872 |
| CHERRON MARIE PHILLIPS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Defendant Cherron Marie Phillips is charged with 12 counts of retaliating against a federal judge or federal law enforcement officer by false claim, in violation of 18 U.S.C. §§ 1521 and 2 (Doc. 1). More specifically, it is alleged that Phillips filed and/or aided and abetted the filing of false liens and encumbrances against the real and personal property of numerous federal judges, prosecutors and law enforcement agents (or attempted to do so).

Before the Court is Defendant's motion in limine (Doc. 129) regarding the Government's intension to present evidence falling within the ambit of Federal Rule of Evidence 404 (Doc. 40).

## Applicable Legal Standards

*In limine* is Latin for "at the outset." A motion in limine is a motion made at the outset or threshold of the case, typically prior to the commencement of trial. *See* Black's Law Dictionary (9th ed. 2009).[1] The Federal Rules of Evidence do not explicitly authorize in limine rulings, but the practice of using such rulings has developed under the district court's inherent authority to manage trials. *Luce v. U.S.,* 469 U.S. 38, 41 n.4 (1984). "Motions in limine are of course

---

[1] The United States Supreme Court has used the term more broadly, "to refer to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. U.S.*, 469 U.S. 38, 40 n.2 (1984).

common, and frequently granted, in criminal as in civil trials." *U.S. v. Warner,* 506 F.3d 517, 523 (7th Cir. 2007).

Motions in limine are intended "to avoid the delay and occasional prejudice caused by objections and offers of proof at trial." *Wilson v. Williams,* 182 F.3d 562, 566 (7th Cir. 1999). *Accord Palmieri v. Defaria,* 88 F.3d 136, 141 (2nd Cir. 1996)(motions in limine aid the trial process by "enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence … without lengthy argument at, or interruption of, the trial."). Such motions permit the district court to eliminate evidence "that clearly ought not be presented to the jury," because it is "inadmissible for any purpose," *Jonasson v. Lutheran Child and Family Services,* 115 F.3d 436, 440 (7th Cir. 1997). Additionally, the "prudent use of the *in limine* motion sharpens the focus of [the] trial proceedings." *Jonasson*, 115 F.3d at 440.

As the United States Court of Appeals for the Seventh Circuit has summarized: "Motions in limine are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *U.S. v. Tokash,* 282 F.3d 962, 968 (7th Cir.), *cert. denied,* 535 U.S. 1119 (2002), *citing U.S. v. Haynes,* 143 F.3d 1089, 1090 (7th Cir. 1998), and *U.S. v. Blassingame,* 197 F.3d 271, 279 (7th Cir. 1999). *See also U.S. v. Acox,* 595 F.3d 729, 733 (7th Cir. 2010) (If issue raised by motion in limine is definitively resolved before trial, an objection at trial is unnecessary).

The court should grant a motion in limine only if the movant demonstrates that the evidence in question is inadmissible on any ground, for any purpose. *See, e.g., Jonasson,* 115 F.3d at 440; *Ellis v. Country Club Hills*, 2011 WL 6001148 (N.D. Ill. 2011); *Payne v. Schneider National Carriers, Inc.*, 2011 WL 1575422 (S.D. Ill. 2011).

Motion in limine rulings are made before the district court has had a chance to hear all of the evidence or see the trial develop. As such, these rulings are preliminary and may be revisited based on the court's exposure to the evidence at trial. *U.S. v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989), *citing Luce,* 469 U.S. at 41 ("a ruling [in limine] is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

Furthermore, a court may defer decision on a motion in limine until trial, if the motion needs to be placed in a fact-specific or evidence-specific context. The Seventh Circuit noted in *Jonasson,* 115 F.3d at 440:

> [T]he motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings. It … permits the trial judge to eliminate from further consideration evidentiary submissions that clearly out not be presented to the jury….
>
> Some evidentiary submissions, however, cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. In these instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate its impact on the jury.

*See also Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir.), *cert. denied,* 423 U.S. 987 (1975)(often, the "better practice is to deal with questions of admissibility of evidence as they arise," presenting the issues in a specific context, rather than excluding broad categories of evidence prior to trial); *U.S. v. Brown,* 2011 WL 43038, *3 (N.D. Ill. 2011)(delaying ruling may afford the judge a better opportunity to gauge the impact of the evidence in question); *National Union Fire Ins. Co. v. L.E. Myers Co. Group,* 937 F. Supp. 276, 287 (S.D. N.Y. 1996)(district court can deny a motion in limine that lacks the necessary

specificity as to the evidence to be excluded or the reason for the introduction of such evidence; court also can reserve ruling until trial, when admission of particular pieces of evidence can be viewed in an appropriate factual context.). With these principles in mind, the Court turns to the motions in limine filed in the instant case.

**Government's Rule 404(b) Evidence (Doc. 40)
and Defendant's Motion In Limine (Docs. 129, 130, 142)**

Federal Rule of Evidence 404 provides in pertinent part:

**(b) Crimes, Wrongs, or Other Acts.**

**(1) Prohibited Uses.** Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

**(2) Permitted Uses; Notice in a Criminal Case.** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

A four-part test is used in analyzing such evidence; Rule 404(b) evidence is admissible if:

1. the evidence is directed towards establishing a matter other than the defendant's propensity to commit crimes charged;

2. the other act is similar and close enough in time to be relevant;

3. the evidence is sufficient to support a jury finding that the defendant committed the other act; and

4. the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

*United States v. Causey*, 748 F.3d 310, 317 (7th Cir. 2014).

The Government has, as required, given notice of evidence it intends to use at trial that falls within the ambit of Rule 404(b) (Doc. 40).

Phillips is charged with violating 18 U.S.C. § 1521, retaliating against a federal officer by filing, attempting to file, or conspiring to file, in any public record or private record generally available to the public, a false lien or encumbrance on account of the performance of official

duties by that individual, knowing or having reason to know that such lien or encumbrance is false, fictitious or fraudulent. The gist of the Government's case is that the liens and encumbrances at issue were the culmination of a series of acts and behavior beginning when Defendant's brother was tried in *United States v. Devon Phillips*, Case No. 06-cr-778 (N.D.Ill.).

From Defendant's perspective, the evidence (except for Defendant's statement to arresting officers) pre-dates the offenses charged and is of a different nature—evidence of merely disruptive conduct—and does not go to prove the elements of the offense. Also, according to Defendant, the confusing, nonsensical nature of many documents will confuse the jury and prejudice her. Defendant further argues that admission of such evidence puts her mental state at issue, thereby necessitating Defendant calling Dr. Goldstein to testify regarding defendant's ability to form motive and intent.[2]

Defendant has moved to block the introduction of the disclosed evidence (Docs. 129, 130), and the Government objects (Doc. 137), to which Defendant filed a reply (Doc. 142). Each of the three categories of evidence at issue will be addressed in turn.

> 1. **Evidence that, during the federal prosecution of her brother in the United States District Court for the Northern District of Illinois, the defendant was repeatedly disruptive in the courtroom, filed numerous documents in the case, including a "Summons to Appear," and ultimately became the subject of an Executive Committee Order.**

The specifics of Defendant's activities during her brother's trial, documents filed during that case, and the Executive Committee Order, may be admitted, as they go towards proving that Defendant filed false liens or encumbrances on account of the victim's performance of official

---

[2] The Government has moved to exclude testimony from psychologist Dr. Diana Goldstein, who performed Defendant's competency evaluation (Doc. 136). The Government also seeks to preclude Defendant from claiming ignorance of the law as a defense (Doc. 127). Those motions, as well as related jury instruction disputes will be addressed independent of Defendant's motion regarding Rule 404 evidence.

duties—making it more than mere propensity evidence. In addition, this evidence goes toward establishing Defendant's motive, intent, preparation and absence of mistake.

The February 5, 2010, Administrative Notice and Demand establishes that Defendant interjected herself into her brother's trial—a trial she considered to be a crime itself—and that she was in search of a "remedy." Defendant warned that there could be a future adverse action. The January 14, 2011, Writ of Quo Warrant was in a similar vein. The Executive Committee Order restricting Defendant's access to the courthouse could be viewed as fuel for Defendant's perception that she and her brother were subjected to an injustice that warranted a remedy. The February 18, 2011, post-sentencing Summons to Appear addressed to Judge Holderman refers to penalties of perjury and arrest. Thus, the chronologically-long chain of events is admissible.

With all that said, the admission of such evidence may be circumscribed at trial pursuant to Rule 403, <u>if</u> the amount and nature of the details becomes too prejudicial, or the Government's evidence becomes cumulative. Defendant is otherwise mistaken in attempting to dictate the minimum amount of evidence from which the jury could connect the dots to sufficiently establish the Government's burden.

> **Defendant's motion in limine is DENIED with respect to this category of evidence.**

> **2. Evidence that in March 2011, the defendant – using the names "River Tali" and "Cherron Phillips El" – caused a package to be delivered to the Chief United States District Judge for the Northern District of Illinois that included (among other things) (a) a "Common Law Bill of Indictment" calling for the arrest of the Chief Judge; (b) an "Administrative Notice and Demand" authored by the defendant seeking a "remedy for the law I am currently accused of violating"; and (c) a "Commercial Affidavit" setting forth the necessary characteristics of a valid commercial lien.**

The March 2011 package, as with the first category of evidence, goes toward proving that Defendant filed false liens or encumbrances because of, or in an effort to remedy perceived wrongs by the officials—making it more than mere propensity evidence. These documents illustrate a line of thinking loosely mirroring a judicial action, leading to the liens and encumbrances at issue in this criminal case. The fact that laws and rules and legal principles are misstated, and that the documents are in some ways nonsensical, is part-and-parcel of the Government's case, tied to the element of proof regarding the known falsity of the liens and encumbrances. In addition, this evidence goes toward establishing Defendant's motive, intent, preparation and absence of mistake.

Defendant takes issue with the wide variety of names contained in this category of documents, fearing name confusion. She also fears prejudice and confusion from references to people, agencies and legal issues not a part of the false lien and encumbrance charges. By all indications, that all goes part-and-parcel with her motive, intent, preparation and plan. Phillips legal theories, including her theories regarding agency, can cut both ways, but the reasonableness of her beliefs and the falsity of the documents is for the jury to decide. *See United States v. Williamson*, 746 F.3d 987, 994 (10th Cir. 2014).

Again, the admission of such evidence may be circumscribed at trial pursuant to Rule 403, <u>if</u> the amount and nature of the details becomes too prejudicial.

**Defendant's motion in limine is DENIED with respect to this category of evidence.**

3. **Evidence that when the defendant was arrested on the indictment in this case, in November 2012, she repeatedly asked the arresting officers for their names and threatened to file liens on them.**

Defendant contends that what she may have said to the arresting officers is not at issue in the indictment.  The Government asserts that this post-indictment statement goes toward proving (1) Defendant's identity as the person who filed the liens at issue in the indictment; (2) Defendant's intent in filing the false liens; and (3) the absence of mistake or accident in filing false liens.

Although this is arguable tangential behavior—as opposed to where the other two categories of evidence are part of continuous course of action leading to the liens at issue in the indictment—the statement goes toward proving the absence of any mistake on Defendant's part.  Therefore, Defendant's threatening statements to the arresting officers are admissible.

**Defendant's motion in limine is DENIED with respect to this category of evidence.**

**IT IS HEREBY ORDERED** that, for the reasons stated, Defendant's motion in limine (Doc. 129) is **DENIED**.

Since motions in limine are, by their very nature, based upon proposed and anticipated, rather than actual, testimony they are considered provisional and subject to re-review upon request.  Moreover, the Court will also consider charging the jury with an appropriately crafted cautionary instruction regarding the Rule 404 evidence.

**IT IS SO ORDERED.**

**DATED:  June 12, 2014**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**