IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:12-cr-872 |
| ) | |
| CHERRON MARIE PHILLIPS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Defendant Cherron Marie Phillips is charged with 12 counts of retaliating against a federal judge or federal law enforcement officer by false claim, in violation of 18 U.S.C. §§ 1521 and 2 (Doc. 1). More specifically, it is alleged that Phillips filed and/or aided and abetted the filing of false liens and encumbrances against the real and personal property of numerous federal judges, prosecutors and law enforcement agents (or attempted to do so).

Before the Court is Defendant's motion in limine prohibiting any witness from using the term "domestic terrorist"—and presumably "domestic terrorism"—in relation to the charges in this case (Doc. 128). Defendant specifies that there is no objection to the terms "soverign citizen" and "patriot movement." The motion is uncontested.

*In limine* is Latin for "at the outset." A motion in limine is a motion made at the outset or threshold of the case, typically prior to the commencement of trial. *See* Black's Law Dictionary (9th ed. 2009). The practice of using such rulings has developed under the district court's inherent authority to manage trials. *Luce v. U.S.,* 469 U.S. 38, 41 n.4 (1984).

Motion in limine rulings are made before the district court has had a chance to hear all of the evidence or see the trial develop. As such, these rulings are preliminary and may be revisited based on the court's exposure to the evidence at trial. *U.S. v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989), *citing Luce,* 469 U.S. at 41 ("a ruling [in limine] is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."). Furthermore, a court may defer decision on a motion in limine until trial, if the motion needs to be placed in a fact-specific or evidence-specific context. *See Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir.), *cert. denied,* 423 U.S. 987 (1975)(often, the "better practice is to deal with questions of admissibility of evidence as they arise," presenting the issues in a specific context, rather than excluding broad categories of evidence prior to trial); *U.S. v. Brown,* 2011 WL 43038, *3 (N.D. Ill. 2011)(delaying ruling may afford the judge a better opportunity to gauge the impact of the evidence in question); *National Union Fire Ins. Co. v. L.E. Myers Co. Group,* 937 F. Supp. 276, 287 (S.D. N.Y. 1996)(district court can deny a motion in limine that lacks the necessary specificity as to the evidence to be excluded or the reason for the introduction of such evidence; court also can reserve ruling until trial, when admission of particular pieces of evidence can be viewed in an appropriate factual context.).

With these principles in mind, the Court turns to the motion in limine before the Court.

### **Defendant's Motion In Limine (Doc. 128)**

Pursuant to Federal Rule of Evidence 403, even relevant evidence may be excluded if its probative value is outweighed by a danger of unfair prejudice and confusion of the issues, or misleading the jury. "Terrorism" is a loaded word, particularly in the post-911 era. There is a

distinct category of "terrorism" offenses under federal law. *See* 18 U.S.C. § 1331, *et seq*. Consequently the prejudice and confusion associated with the term "domestic terrorist" is obviously prejudicial and likely to confuse the issue.

**IT IS HEREBY ORDERED** that, for the reasons stated, Defendant's motion in limine (Doc. 128) is **GRANTED**; the terms "domestic terrorist" and "domestic terrorism" shall not be used at trial. Counsel for the Government and Defendant shall advise their witnesses accordingly.

**IT IS SO ORDERED.**

**DATED: June 12, 2014**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**