**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 1:12-cr-872 |
| CHERRON MARIE PHILLIPS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Defendant Cherron Marie Phillips is charged with 12 counts of retaliating against a federal judge or federal law enforcement officer by false claim, in violation of 18 U.S.C. §§ 1521 and 2 (Doc. 1). More specifically, it is alleged that Phillips knowingly filed and/or aided and abetted the filing of false liens and encumbrances against the real and personal property of numerous federal judges, prosecutors and law enforcement agents (or attempted to do so).

Before the Court is Defendant Phillips' Rule 12.2(b) Notice of Intent to Introduce Expert Evidence of a Mental Condition (Doc. 147) and Response to the Government's Motion in Limine to Exclude Expert Testimony from Dr. Diana Goldstein (Doc. 148). Defendant's notice was filed just hours after the Court denied Defendant's motion in limine regarding the Government's Rule 404(b) evidence (Doc. 145), and granted the Government's motion to excluded Dr. Goldstein from testifying (Doc. 144). In part, Dr. Goldstein was barred because no notice of Defendant's intent to present expert testimony regarding her mental condition had been filed, as is required by Federal Rule of Civil Procedure 12.2. The Court had also found expert testimony regarding Defendant's mental condition to be irrelevant and likely to confuse the jury.

1

Defendant now asserts that Dr. Goldstein's testimony only became necessary when the Court denied Defendant's motion to limit the Government's Rule 404(b) evidence. Defense counsel further contends she was not converted from standby counsel until April 4, 2014; Phillips has not been communicating with counsel; and she was not aware of the Government's notice regarding 404(b) evidence until the May 21, 2014, final pretrial conference.

In light of defense counsel's unusual situation, the Court will construe the Rule 12.2(b) notice (Doc. 147) as a belated response to the Government's motion to exclude Dr. Goldstein (Doc. 136). Accordingly, the Court will reconsider the prior ruling to bar Dr. Goldstein from testifying (Doc. 144).

Dr. Diana Goldstein was the psychologist who evaluated Defendant Phillips regarding Defendant's sanity at the time of the offense and competency to stand trial. By Defendant's own admission, Dr. Goldstein's opinion was "provisional" in certain respects because she did not have complete information. Defendant contends, "[a]ll of these psychological factors that contribute to Ms. Phillips' *mens rea* in the instant case," of course leaving the ultimate assessment with the jury (Doc. 148, p. 8).

The Government moves to exclude expert testimony by Dr. Goldstein regarding Defendant's mental state because Defendant has not provided written notice as required by Federal Rule of Criminal Procedure 12.2(b). Furthermore, the Government observes that, other than when because of mental disease or defect a defendant is unable to appreciate the nature and wrongfulness of her acts, mental disease or defect is not a defense. *See* 18 U.S.C. § 17(a). Consequently, the Government asserts that Dr. Goldstein's expert testimony is irrelevant to whether Phillips violated 18 U.S.C. § 1521, and would only confuse the jury.

Relative to the timing of Defendant's Rule 12.2(b) notice, the Court observes that the Government's notice of 404(b) evidence was filed July 15, 2013 (Doc. 40). Counsel was appointed to represent Defendant on a standby basis on July 28, 2013 (Doc. 43), and given full/sole responsibility over the case on April 4, 2014—more than six weeks before the final pretrial conference with the undersigned district judge, who was designated on May 19, 2014, to take over this case.[1] Therefore, even if the deadline for a Rule 12.2(b) notice[2] was not clear, Defendant's notice was not filed until after the June 2, 2014, deadline for filing all motions in limine and Defendant's response to the Government's Rule 404(b) evidence. Thus, the Court concludes that Defendant's notice is untimely.

In any event, the Court is not swayed by Defendant's contention that the admission of the Government's Rule 404(b) evidence necessitates permitting Dr. Goldstein to testify.

> Like all criminal defendants, [Defendant] has the right to present a defense and offer witness testimony. *Holmes v. South Carolina,* 547 U.S. 319, 324, 126 S.Ct. 1727, 164 L.Ed.2d 503 (2006) (Criminal defendants must have "a meaningful opportunity to present a complete defense."). But this right is not absolute. Rather, "judges may exclude marginally relevant evidence and evidence posing an undue risk of confusion of the issues without offending a defendant's constitutional rights." *United States v. Alayeto,* 628 F.3d 917, 922 (7th Cir. 2010).

*United States v. Laguna*, 693 F.3d 727, 730 (7th Cir. 2012). Expert testimony regarding Defendant's mental condition (absent an insanity/diminished responsibility defense under Rule 12.2(a) and 18 U.S.C. § 17(a)), is not relevant. Title 18 U.S.C. § 1521 requires that Defendant acted knowingly, making it a general intent crime, as opposed to a specific intent crime. *See generally United States v. Stewart*, 411 F3d 825, fn. 2 (7th Cir. 2005); *United States v. Altier*, 91

---

[1] During a May 19, 2014, teleconference it was the Court that questioned whether a response would be filed to the Government's notice regarding Rule 404(b) evidence. Defendant filed a motion in limine regarding that evidence, but did not file a Rule 12.2(b) notice.
[2] Rule 12.2(b) states that, unless another deadline is prescribed by the Court, a Rule 12.2(b) notice is due by the deadline for pretrial motions.

F.3d 953, 957 (7th Cir. 1996). A "diminished capacity" defense under Rule 12.2(b) is only applicable to specific intent crimes, where purposeful action is required. *See United States v. Nelson*, 5 F.3d 254, 256-57 (7th Cir. 1993); *United States v. Fazzini*, 871 F.2d 635, 641 (7th Cir. 1989). In light of the circumstances of this particular case, the admission of Dr. Goldstein's testimony would only muddle the legal issues and confuse the jury.

**IT IS THEREFORE ORDERED** that, for the reasons stated in this order, as well as the for the reasons previously stated in Doc. 144, Dr. Diana Goldstein shall not be permitted to offer expert testimony at trial regarding Defendant's mental state.

**IT IS SO ORDERED.**

**DATED: June 13, 2014**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**