UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 12 CR 872 |
| vs. | ) | Judge Michael J. Reagan |
| | ) | |
| CHERRON PHILLIPS | ) | |

## MOTION FOR NEW TRIAL

Defendant, Cherron Phillips, by and through her attorney, Lauren Weil Solomon, moves this Honorable Court to enter an order, granting this motion for a new trial. For all of the reasons stated in this motion, the motion for judgment of acquittal, and the entire facts and record in this case, Defendant respectfully requests that this motion be granted.

## I. The District Court Erred When It Denied Ms. Phillips' Motion in Limine to Preclude Rule 404(b) Evidence

At trial, the government introduced a variety of evidence that stemmed from actions taken by Ms. Phillips during proceedings in her brother's case, *United States v. Devon Phillips*, 06 CR 778, in the U.S. District Court for the Northern District of Illinois. All of these actions predate the filing of the Indictment in the instant case on November 8, 2012. The government also introduced into evidence certain actions that she took against then Chief Judge Holderman in March 2011.

### A. LEGAL STANDARD

Rule 404(b)(1) of the Federal Rules of Evidence provides that "evidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, an exception exists under Rule 404(b)(2) which provides that

such evidence "may be admissible for another purpose such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

The Seventh Circuit has established a four-part test for the admissibility of evidence pursuant to Rule 404(b):

> (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged;
>
> (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue;
>
> (3) the evidence is sufficient to support a jury finding that the defendant committed the other act; and
>
> (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

*United States v. Lee*, 724 F.3d 968, 975 (7th Cir. 2013)(citations omitted).

The Seventh Circuit's decision in *United States v. Miller*, 673 F.3d 688, 697 (7th Cir. 2012), emphasizes the particular importance of the first and fourth factors in Rule 404(b) analysis. In *Miller*, the government sought to introduce a prior drug conviction to show defendant's intent in a drug case eight years later. The Court noted that arguments presented in the case suggest that admission of prior drug crimes to prove intent to commit present drug crimes had become too routine. The Seventh Circuit warned: "Closer attention needs to be paid to the reasons for using prior drug convictions - to lessen the danger that defendants like Miller will be convicted because the prosecution invited, and the jury likely made, an improper assumption about propensity to commit drug crimes." *Id*. at 696. In both *Lee* and *Miller*, the Seventh Circuit reversed the convictions, finding that the district court improperly admitted prior drug convictions

pursuant to Rule 404(b).

### B. DISRUPTIVE CONDUCT

Unlike in *Lee* and *Miller*, where the government sought to introduce the same type of conduct – prior drug dealings, here, the government did not introduce evidence that Ms. Phillips filed liens against other public officials in the past. Instead, it introduced other wrongful conduct to show the defendant "was repeatedly disruptive in the courtroom, filed numerous documents in the case, including a "Summons to Appear," and was the subject of an Executive Committee Order. The government also introduced the Executive Committee Order, entered in Civil Action No. 11 C 0776.

When considering evidence proffered under Rule 404(b), courts must look to the elements of the offense that the government must prove. Here, Ms. Phillips was charged with violations of 18 U.S.C. sec. 1521. The elements of the offense are that: (1) she filed or attempted to file a lien or encumbrance in a public record; (2) the lien or encumbrance was filed or attempted to be filed against the property of an officer or employee of the U.S. Government; (3) the lien or encumbrance was false; (4) the defendant knew or had reason to know that such lien or encumbrance was false, or that it contained a materially false, fictitious or fraudulent statement or representation; (5) the defendant filed or attempted to file the false lien or encumbrance on account of the officer or employee's performance of official duties. Government's Jury Instruction No. 14.

In *Lee*, the district court reiterated the longstanding analysis that must be applied when the government seeks to admit Rule 404(b) evidence. "A district court must not only identify a purpose for which Rule 404(b) authorizes the admission of other-acts

evidence, but carefully evaluate whether and how the evidence is probative on that point and then assure itself that the probative value of the evidence is not substantially outweighed by the risk that the jury will consider the evidence as proof of the defendant's propensity to commit the crime charged. 724 F.3d at 982 (*citing United States v. Beasley*, 809 F.2d 1273, 1279 (7th Cir. 1987)). The Court went on to state that "[i]f, as in *Miller,* the prior acts are nominally admitted for a proper purpose, but in context are really probative only in the sense that they establish the defendant's propensity to commit the charged offense, then [the court] will find the admission of the evidence to be erroneous." 724 F.3d at 982. The government argued that the evidence of Ms. Phillips' conduct during her brother's trial, the filing of documents in the case, the Summons to Appear and the Executive Order are admissible under Rule 404(b) because they are "direct evidence of the crime." Gov't at 2. However, none of this evidence went to prove the elements of the offense with which Ms. Phillips was charged. Moreover, the actions wert too remote in time from the events with which she was charged.

Courts then must determine "the extent to which a defendant has genuinely placed at issue the specific matter that the evidence is being offered to establish." *Miller,* 673 F.3d at 696–97. The government opined that the evidence was admissible to prove identity, motive, preparation, knowledge of the victims and defendant's intent. Gov't at 2. However, the defendant did not contest her identity as the person responsible for filing the liens, her preparation was not proved by the evidence, the government proved her connection to the alleged victims through trial testimony unrelated to this evidence, e.g., Judge Lefkow testified that she was the judge in the case against her brother, Devon Phillips. Moreover, Ms. Phillips' intent in filing the liens is not a necessary element of

the crime with which she is charged and her motive is not proved by these actions.

Even if this court correctly found that some or all of the evidence was relevant under Federal Rule of Evidence 402, and was probative of an issue involved in the case, a point we do not concede, the court was still required to weigh the probative worth of the evidence against its potential for prejudice under Rule 403. Thus, for example, "intent becomes more relevant, and evidence tending to prove intent becomes more probative, when the defense actually works to deny intent, joining the issue by contesting it." *Lee,* 724 F.3d at 976 (*citing Miller*, 673 F.3d at 699). In this case, the district court erred in finding that the probative value of the evidence outweighed the danger of unfair prejudice. Therefore, the evidence should have been excluded.

Moreover, the government essentially argued that this evidence is "inextricably intertwined" with the allegations underlying the instant case and, therefore, is admissible. However, the Seventh Circuit has made clear that this theory is no longer viable as a means for introducing evidence at trial. "If evidence is not direct evidence of the crime itself, it is usually propensity evidence simply disguised as inextricable intertwinement evidence, and is therefore improper, at least if not admitted under the constraints of Rule 404(b)." *United States v. Gorman,* 613 F.3d 711, 718 (7th Cir. 2010)(*quoting United States v. Taylor,* 522 F.3d 731, 734 (7th Cir. 2008), *cert. denied*, 129 S. Ct. 190 (2008) ("A defendant's bad act may be only tangentially related to the charged crime, but it nevertheless could 'complete the story' or 'incidentally involve' the charged offense or 'explain the circumstances.' "). Finding that the inextricable intertwinement doctrine had outlived its usefulness, the Seventh Circuit ruled that "[h]enceforth, resort to inextricable intertwinement is unavailable when determining a theory of admissibility." Accordingly,

the government's evidence should not have been admitted on this ground.

Because the court found the Rule 404(b) evidence to be probative in the case against Ms. Phillips and admissible to prove motive, intent, or knowledge, then it placed Ms. Phillips' mental state in issue and made psychological evidence regarding Ms. Phillips' mental state and the ability to formulate motive or intent admissible as well. As discussed below, the court committed reversible error when it granted the government's motion in limine precluding the testimony of Dr. Diana Goldstein, the psychologist who conducted the competency and insanity examination.

## C.  DOCUMENTS SENT TO THEN CHIEF JUDGE HOLDERMAN

The government also introduced into evidence the package delivered to the then Chief Judge for the Northern District of Illinois that included a Common Law Bill of Indictment, an Administrative Notice and Demand, "authored by the defendant seeking a 'remedy for the law I am currently accused of violating,'" and a Commercial Affidavit all of which was sent in March 2011. The government argued that these documents constituted "other bad acts" evidence admissible under Rule 404(b) and introduced them to show identity, motive, preparation, knowledge of the victims, and defendant's intent in filing the false liens.

First, the documents did not show intent. In addition, defendant did not contest identity or knowledge of the victims at trial and in any event, these facts were proved through other direct evidence such as the testimony of the prosecutor in Devon Phillips' case, Judge Lefkow and the fingerprint examiner. Thus, the evidence was cumulative and prejudicial. Moreover, the filing of a Common Law Bill against Chief Judge

Holderman showed propensity rather than a permissible purpose under Rule 404(b).

In addition, the Administrative Notice and Demand is confusing, asks about the legality of the "Controlled Substance Act," which is not at issue in the case at bar and is prejudicial as it implies that she has been charged with a violation of that statute. In addition, it was too remote in time to have been admitted under Rule 404(b). It was signed on February 1, 2010, more than a year before the filing of the liens underlying this case. *See* Gov't Ex. 30. More significantly, it states: "I am required to initiate a direct challenge to the Constitutionality of the crime of which I am charged as provided in 28 U.S.C. sec. 2403." First, Section 2403 provides for the United States or a State to intervene in any case in which they are not parties where a question of constitutional law or State law is raised. Obviously, this provision does not apply to Ms. Phillips as she represents neither a State nor the United States.

More importantly, however, is that at the time that Ms. Phillips signed this document, she was not charged with a federal crime. This document predates the indictment in this case by a year and nine months. Accordingly, its introduction into evidence caused undue prejudice as it could have led the jury to believe that she committed other crimes and in particular made them think that she has been charged with a drug offense as that was the crime with which her brother had been charged. The prejudice increased as the government introduced significant evidence at trial about her brother's drug trafficking offense. Accordingly, the court erred in finding that the document's probative value outweighed its prejudicial impact and it should have been excluded under Rule 403. Similarly, the district court erred in finding that the other documents in the packet sent to Judge Holderman was admissible under Rule 404(b) as

prior bad acts.

With respect to the remaining documents, the government and court did not address them with particularity. Rather, in its Notice of Rule 404(b), it lumped all of the documents in Ex. 30 together. This fails to give the kind of particularized analysis that is required by the Seventh Circuit. In *Lee*, Judge Rovner speaking for the court, clearly stated that there must be a record clearly articulating the rationale for admitting other acts evidence as it "helps to ensure that the district judge is genuinely exercising his discretion and observing the limits of Rule 404(b) by thinking through the relevance of and the potential prejudice posed by the proffered evidence." 724 F.3d at 977-78. The Court continued:

> "There must be a principled exercise of discretion. The district judge must both identify the exception that applies to the Evidence in question and evaluate whether the evidence, Although relevant and within the exception, is sufficiently Probative to make tolerable the risk that jurors will act on the basis of emotion or an inference via the blackening of defendant's character.

724 F.3d at 978. Moreover, there is a question about the timing of the Affidavit. It was written more than a year prior to the filing of the liens. It is unclear whether its filing in the district court negates its remoteness in time. There is no bright and fast rule about timeliness in the balancing analysis. *See United States v. Beasley,* 809 F.2d 1273, 1277 (7th Cir. 1987)("how long is too long" depends on the theory that makes the evidence admissible)(finding the acts at issue were so dissimilar that timing was unimportant).

## II.  THE DISTRICT COURT ERRED WHEN IT EXCLUDED EXPERT TESTIMONY

The district court erred when it granted the government's motion in limine,

precluding the expert testimony of Dr. Diana Goldstein. First, the court erred in concluding that the filing of the Notice of Expert Testimony was untimely. Doc. 150, at 3. Rule 12.2 provides that Notice of Expert Testimony "shall be filed within the time provided for the filing of pretrial motions or at such later time as the court may direct. additional trial-preparation time, or make other appropriate orders." Fed. R. Crim. P. Rule 12.2(b)(1). Counsel for defendant initially came into the case on July 28, 2013, as stand-by counsel for the then set pretrial conference. During the next eleven months, three different judges were assigned to the case, counsel's status as standby and appointed counsel changed four times, defendant filed at least four objections to appointed counsel (including one in the Seventh Circuit during the pendency of the trial) and refused to discuss or meet with counsel either prior to the pretrial conference or after it was held.

No date for pretrial motions was ever set when counsel was involved in the case. The court set the date for the filing of Motions in Limine but the Rule 12.2 is not such a motion. Most importantly, the purpose of notice is to avoid surprise at trial. In this case, the expert was appointed by the court and was equally known and accessible to the government. The contents of Dr. Goldstein's report and her testimony (as she had testified at the competency hearing was known to the government. Accordingly, in light of the unusual circumstances involved here, counsel for defendant showed good cause for the filing of late notice. Therefore, the court erred in finding that the notice in this instance was untimely.

Although, the court found that the notice was untimely, it went on to consider the substance of defendant's response to the government's motion in limine. The district

court erred in concluding that "absent an insanity/diminished responsibility defense under Rule 12.2(a) and 18 U.S.C. sec. 17(a), is not relevant." Doc. 150, at 3.

The government sought to exclude the expert testimony of Dr. Diana Goldstein on the ground that her report concluded that Ms. Phillips does not suffer from a mental disease or defect. Gov't Motion *In Limine* at 1. (*Citing* 18 U.S.C. sec. 17(a)). However, Ms. Phillips does not intend to present an insanity defense at trial. Moreover, the introduction of expert psychological testimony pursuant to Federal Rules of Evidence Rule 702 and Rule 704 is not limited to expert testimony regarding mental disease or defect. Expert testimony also is admissible to explain a mental state or condition that impacts upon an element of the offense.

The Seventh Circuit approved the use of psychological testimony to show mental state or condition in *United States v. Gladish,* 536 F.3d 646 (7th Cir. 2008). In that case, the defendant was charged with one count of 18 U.S.C. sec. 1470, which prohibits knowingly transferring or attempting to transfer obscene material to a person under 16 and 18 U.S.C. sec. 2422(b), which forbids knowingly attempting to persuade or coerce a person under 18 to engage in any sexual activity for which one could be charged with a criminal offense. *Id.* at 647. On appeal, the defendant challenged his conviction under Section 2422(b). *Id.* at 648. The Court reversed the conviction, finding that the defendant did not "take a substantial step toward completion" of the offense, finding that his talk about the offense amounted to "hot air." 536 F.3d at 650.

The Seventh Circuit added, because it was relevant to its analysis that the district court erred in excluding psychological expert testimony as it supported the "hot air" hypothesis. 536 F.3d at 650. The district court barred the psychologist from testifying on

the ground that Rule 704(b) prevents an expert to "state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto.  Such ultimate issues are matters for the trier of fact alone."  *Id*.  The Court noted, however, that the Rule permits an expert to "testify…with respect to the mental state or condition" of the defendant.  *Id*. *(quoting* Rule 704(b)).  Accordingly, the Court concluded in *Gladish* that the psychologist could not have testified about whether or not the defendant intended to have sex with whom he believed was an under-aged girl.  However, the expert could have testified that it was unlikely given the defendant's psychology that he would act on his intent.  The Court concluded that the latter evidence would not have been barred by Rule 704(b).  536 F.3d at 651.

While the facts of *Gladish* are far removed from those in the case at bar, the Seventh Circuit relied on two Ninth Circuit cases, *United States v. Cohen*, 510 F.3d 1114, 1125-26 (9th Cir. 2007) and *United States v. Finley*, 301 F.3d 1000, 1014-16 (9th Cir. 2002).  Both of these cases present facts that are much closer to the case at bar and support the denial of the government's motion *in limine* in this case.

In *United States v. Cohen,* in a tax protester case, the defendant's lawyer sought to introduce expert testimony that defendant suffered from a "narcissistic personality disorder."  510 F.3d at 1122-23.  The psychologist concluded that although Cohen was not "delusional or psychotic and was in possession of basic mental faculties, his will was in the service of irrational beliefs as a result of narcissistic personality disorder." *Id*. at 1123.  The report further stated:

> Because [Cohen's] beliefs are fixed and have led him to significant
> adverse consequences, he is irrational to the point of dysfunction,
> demonstrated by his stubborn adherence in the face of overwhelming
> contradictions and knowledge of substantial penalty.

*Cohen,* 510 F.3d at 1123.

The court found that the co-defendant in the case had convinced Cohen that it was legal to submit a zero return. The expert testimony suggested that the defendant had a tendency to cling doggedly to his belief "even in the face of overwhelming contradictions." 510 F.3d at 1124. The court concluded that the expert testimony could have helped Cohen counter the government's suggestion that Cohen knew the zero returns were false. The Ninth Circuit concluded that the expert's report suggests that "once Cohen adopted [the co-defendant's] views, Cohen would not change his mind." *Id*. The court, therefore, reversed the conviction and remanded. In reversing the conviction, the court concluded that the psychologist's testimony would have been highly probative on the issue of whether the defendant could have formed the requisite *mens rea*, and was unlikely to cause significant confusion with the jury if properly constrained by compliance with the rules of evidence.

In reversing Cohen's conviction, the Ninth Circuit relied on its earlier case of *United States v*. *Finley,* 301 F.3d 1000 (9th Cir. 2002). In *Finley,* the defendant was charged with one count of making a false claim against the Untied States in violation of 18 U.S.C. sec. 287, one count of attempting to interfere with the administration of the IRS in violation of 26 U.S.C. sec. 7212(a), and three counts of bank fraud in violation of 18 U.S.C. sec. 1344. 301 F.3d at 1001. In the middle of the defendant's expert witness' testimony, the government objected and requested that the testimony be struck on the ground that defendant had violated Federal Rule of Criminal Procedure 16(b)(1)(C). *Id*.

After a *Daubert* hearing, the district court excluded the entirety of the defense expert's testimony as a sanction for a violation of Rule 16 and as irrelevant under Federal Rule of Evidence 702. *Id.* On appeal, the defendant challenged the trial court's exclusion of the expert testimony. The Ninth Circuit reversed and remanded, finding that the district court abused its discretion in striking all expert testimony presented by the defendant that corroborated his defense. *Id.* at 1002.

On appeal, the Ninth Circuit reversed, finding that the evidence was relevant and would have assisted the trier of fact because it was beyond the common knowledge of the average layperson. 310 F.3d at 1013 (*quoting United States v. Hall*, 93 F.3d 1337, 1345 (7th Cir. 1996)(It is "precisely because juries are unlikely to know that social scientists and psychologists have identified [such a personality disorder]…that the testimony would have assisted the jury in making its decision."). Moreover, "Rule 704(b) allows expert testimony on a defendant's mental state so long as the expert does not draw the ultimate inference or conclusion for the jury." *Finley*, 310 F.3d at 1015.

*Gladish*, *Cohen* and *Finley* support the admission of expert psychological testimony in the case at bar. *See also United States v. Williamson*, 746 F.3d 987 (10th Cir. 2014) (discussing defendant's expert witness testimony that he suffered from a delusional disorder when rejecting his claim that he was entitled to a good-faith instruction in a case alleging a violation of 18 U.S.C. 1521).

Dr. Goldstein concluded that Ms. Phillips appears to meet the DSM-V diagnostic criteria for Schizotypal Personality Disorder. Dr. Goldstein writes in her Competency Report that:

> According to the most current edition of the Diagnostic and Statistical
> Manual (DSM-V), the essential feature of a Schizotypal Personality

> Disorder is 'a pervasive pattern of social and interpersonal deficits marked by acute discomfort with, and reduced capacity for, close relationships as well as by cognitive or perceptual distortions and eccentricities of behavior.' The pattern of deficits is first noted by early adulthood and manifests in a number of contexts, causing clinically significant distress or impairment in social, occupational, or other important areas of functioning.

Competency Evaluation, at 25.

Dr. Goldstein's diagnosis was provisional because she did not have sufficient information regarding Ms. Phillips' personal life to determine if she was having similar difficulties outside the context of her legal case. One of the traits of the disorder is paranoid ideation. Ms. Phillips' paranoia interfered with the process of the psychological examination during which she was guarded and withheld information to an extent not ordinarily seen by Dr. Goldstein. As a result, Dr. Goldstein did not have enough information outside of the legal context to determine if she was dysfunctional in other areas of her life as well. In an abundance of caution, she made the diagnosis provisional.

The fact that Ms. Phillips was paranoid to an extent not normally seen in the course of a psychological evaluation reinforces the finding of the personality disorder. Dr. Goldstein would testify that Ms. Phillips' personality disorder contribute to her poor decision-making, rigidity of thinking, and maladaptability. The fact that she repeatedly makes decisions that are against her own interest and those of her young children for whom she has an overriding concern is proof of her maladaptability. Moreover, her schizotypal personality traits make her "prone to misperceptions about malintent on the part of others." Competency Evaluation at 27. These misperceptions lead to a distrust of attorneys and "the judicial system in general." *Id.* All of these psychological factors that contribute to Ms. Phillips' mental disorder provide precursors to the jury's ultimate

14

decision-making regarding Ms. Phillips' *mens rea* in the instant case. However, the ultimate decision on whether or not Ms. Phillips' possessed the *mens rea* to commit the instant offenses remains with the jury.

Under the Seventh and Ninth Circuit precedents on the admissibility of evidence on mental state or condition, this evidence is relevant and admissible pursuant to Rule 702 and 704. This is particularly true, where as here, the government wishes to introduce evidence pursuant to Rule 404(b) to give the jury a "complete picture." The exclusion violated defendant's fundamental right to present witnesses in her defense. *Taylor v. Illinois*, 484 U.S. 400, 408 (1988).

WHEREFORE, for all of the foregoing reasons, Defendant Phillips respectfully requests that this Court enter an order, granting her Motion for New Trial.

Respectfully submitted,

/s/Lauren Weil Solomon
Lauren Weil Solomon
Attorney for Defendant Cherron Phillips

Lauren Weil Solomon
P.O. Box 2013
Highland Park, IL 60035
(847) 756-0489

<u>CERTIFICATE OF SERVICE</u>

I, Lauren Weil Solomon, hereby certify that on this day, July 2, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically serve a copy upon counsel of record.

In compliance with Local Rule 5.2(f), a hard copy of this document will be mailed to chambers within one business day.

<div style="margin-left:40%">

/s/Lauren Weil Solomon
Lauren Weil Solomon
Attorney for Cherron Phillips

</div>

Lauren Weil Solomon
P.O. Box 2013
Highland Park, Illinois 60035
(847) 756-0489