AO 245B    (Rev 09/11) Judgment in a Criminal Case
        Sheet 1



# UNITED STATES DISTRICT COURT

Northern District of Illinois

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | |
| Cherron Marie Phillips | Case Number: 12 CR 872 |
| | USM Number: 45209-424 |
| | Lauren Weil Solomon |
| | Defendant's Attorney |

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
    which was accepted by the court.

☑ was found guilty on count(s)    1-5, 7-8 and 10-12 of the indictment.
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §1521 and | Retaliating against a federal official by false claim | 4/19/2011 | 1-5,7-8 & |
| 18 U.S.C. §2 | | | 10-12 |

     The defendant is sentenced as provided in pages 2 through    6    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☑ The defendant has been found not guilty on count(s)    6 and 9 of the indictment.

☐ Count(s) _____ ☐ is ☐ are   dismissed on the motion of the United States.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/14/2014
Date of Imposition of Judgment

Signature of Judge

Judge Michael J. Reagan
Name and Title of Judge

October 23, 2014
Date

AO 245B    (Rev 09/11) Judgment in Criminal Case
           Sheet 2 — Imprisonment

DEFENDANT: Cherron Marie Phillips                    Judgment — Page __2__ of __6__
CASE NUMBER: 12 CR 872

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term of:

Eighty-four (84) months each on counts 1-5, 7-8 and 10-12 of the indictment to run concurrently, for a total term of eighty-four
(84) months.

☐ The court makes the following recommendations to the Bureau of Prisons:

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B     (Rev 09/11) Judgment in a Criminal Case
            Sheet 3 — Supervised Release

Judgment—Page __3__ of __6__

DEFENDANT:  Cherron Marie Phillips
CASE NUMBER:  12 CR 872

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

three (3) years on each of counts 1-5, 7-8 and 10-12 of the indictment, to run concurrently for a total term of three (3) years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☑ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)  the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)  the defendant shall support his or her dependents and meet other family responsibilities;

5)  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev 09/11) Judgment in a Criminal Case
           Sheet 3C — Supervised Release

Judgment—Page   4   of   6

DEFENDANT:  Cherron Marie Phillips
CASE NUMBER:  12 CR 872

## SPECIAL CONDITIONS OF SUPERVISION

Special conditions of supervised release are that:

1. As the Court believes Defendant's history indicates the need for a cognitive behavioral evaluation to identify any risk associated with criminal thinking, she shall complete such an evaluation and comply with treatment as recommended by the a cognitive behavioral evaluation and comply with treatment as recommended by the evaluation. Defendant shall pay for the costs associated with services rendered, based on a Court approved sliding fee scale as directed by the probation officer. Defendant's financial obligation shall never exceed the total cost of services rendered.

2. Defendant shall provide the probation officer and the Financial Litigation Unit of the U.S. Attorney's Office with access to any requested financial information. Defendant is advised that that probation office may share financial information with the Financial Litigation Unit.

3. Defendant shall apply all monies received from income tax refunds, lottery winnings, judgments, and/or any other anticipated or unexpected financial gains to the outstanding court-ordered financial obligation. Defendant shall immediately notify the probation officer of the receipt of any indicated monies.

4. Defendant shall submit her person, residence, real property, place of business, vehicle, and any other property under his/her control to a search, conducted by any United States Probation Officer and such other law enforcement personnel as the probation officer may deem advisable and at the direction of the United States Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release, without a warrant. Failure to submit to such a search may be grounds for revocation. Defendant shall inform any other residents that the premises and other property under Defendant's control may be subject to a search pursuant to this condition.
   Defendant shall permit the probation officer to have access to any personal computer and/or electronic device capable of accessing the Internet, World Wide Web, and Electronic Mail. Defendant shall also allow the probation officer or designee to conduct regular searches of his computer and/or electronic device using software monitoring devices if determined necessary by the probation officer. Defendant shall advise the probation officer of all e-mail addresses used on both public and private computers. Defendant shall consent to third-party disclosure to any employer or potential employer, concerning any computer-related restrictions that may be imposed. Defendant shall inform other residents or occupants of his home that computer systems accessed by Defendant will be subject to inspection by the probation officer and/or authorized contractor.

5. Defendant shall cooperate in the preparation, execution and filing of all documents necessary to remove any liens or encumbrances she has filed or assisted in filing against any victim in this case, including Andre Thompson and Noel Sanchez.

6. Defendant shall pay restitution to any victim, including Andre Thompson and Noel Sanchez, for expenses incurred in clearing liens or encumbrances she has filed or assisted in filing against them.

7. Defendant shall not file any claims, liens, encumbrances, choses in action or lawsuits without first obtaining leave of court to do so.

8. Defendant shall pay any financial penalty at a rate of $100.00 per month or 10% of the defendant's net monthly income, whichever is greater.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
          Sheet 5 — Criminal Monetary Penalties

Judgment — Page   5   of   6

DEFENDANT: **Cherron Marie Phillips**
CASE NUMBER: **12 CR 872**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 1,000.00 | $ 1,000.00 | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| **TOTALS** | $ _____ 0.00 | $ _____ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

     ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

     ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev 09/11) Judgment in a Criminal Case
          Sheet 6 — Schedule of Payments

Judgment — Page   6   of   6

DEFENDANT:  Cherron Marie Phillips
CASE NUMBER:  12 CR 872

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   ☑  Lump sum payment of $   1,000.00   due immediately, balance due

        ☐  not later than _____ , or
        ☐  in accordance   ☐ C,   ☐ D,   ☐ E, or   ☑ F below; or

B   ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C   ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☑  Special instructions regarding the payment of criminal monetary penalties:

        Defendant shall pay any financial penalty at a rate of $100.00 per month or 10% of the defendant's net monthly income, whichever is greater. If the judgment imposes a fine, administrative fee and/or restitution, Defendant shall pay them and they are due and payable immediately to the Clerk, U.S. District Court. If Defendant is unable to pay them immediately any amount remaining unpaid when supervised release commences will become a condition of supervised release and must be paid in accord the Schedule of Payments sheet of the judgment.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

        Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.