```
 1              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                        EASTERN DIVISION

 3     UNITED STATES OF AMERICA,        )  No. 12 CR 872
                                        )
 4                    Plaintiff,        )  Chicago, Illinois
                                        )  June 7, 2013
 5                                      )  9:45 o'clock a.m.
       -vs-                             )
 6                                      )
                                        )
 7     CHERRON MARIE PHILLIPS,          )
                                        )
 8                    Defendant.        )

 9
                  TRANSCRIPT OF PROCEEDINGS - STATUS
10             BEFORE THE HONORABLE MILTON I. SHADUR

11     APPEARANCES:

12     For the Plaintiff:    HON. GARY SHAPIRO, by
                             MR. NATHAN D. STUMP
13                           Special Assistant United States Attorney
                             9 Executive Drive
14                           Fairview Heights, Illinois 62208

15
       For the Defendant:    Cherron Marie Phillips, pro se
16                           P.O. Box 802625
                             Chicago, Illinois
17

18

19

20

21

22

23     Court Reporter:       ROSEMARY SCARPELLI
                             219 South Dearborn Street
24                           Room 2304A
                             Chicago, Illinois 60604
25                           (312) 435-5815
```

1       THE CLERK:  12 CR 872, USA versus Cherron Marie
2  Phillips.
3       MR. STUMP:  Good morning, your Honor, Nathan Stump
4  on behalf of the United States.
5       THE COURT:  Yes.
6       THE DEFENDANT: Good morning, your Honor, Tali on
7  behalf of the defendant Cherron Phillips.
8       THE COURT:  What is our situation?
9       MR. STUMP:  Your Honor, we last met in mid-April.
10 In the past month to maybe two months we have had some plea
11 negotiations going on, very sporadic, and we have not made a
12 tremendous amount of headway.  When you called the case
13 actually, your Honor, we were speaking in the hallway trying
14 to work out some things.  It is more -- it is more difficult
15 for us to communicate when we are not in person, and so these
16 statuses have been helpful, but at this point, your Honor, we
17 don't have an agreement.  And the trial is scheduled for
18 July 1st.
19      THE COURT:  Yeah.  I also have another trial
20 scheduled for July 1st, which is a first for me because it
21 doesn't happen, but the assumption was that it was going to
22 be sensibly reasonably resolved.  If you don't -- if you
23 haven't reached resolution, which you haven't, I am going to
24 move your trial to July 29th, which is the first day of a new
25 -- a new jury service.

```
 1                    Did they get back to you on that?
 2            THE CLERK:  No, they didn't.
 3            THE COURT:  Well, I am -- then I am going to give
 4   them July -- July 29th at 9:30 is going to be our trial date.
 5   And we will have a -- we will schedule a voir dire conference
 6   shortly before then.  And, Ms. Phillips, you don't have --
 7   you don't have standby counsel, right?
 8            THE DEFENDANT:  No.
 9            THE COURT:  Yeah.  Well --
10            MR. STUMP:  Your Honor, I should say she did start
11   with standby counsel Steve Levy.
12            THE COURT:  I know that.  But you don't now.  And I
13   can tell you it is going to be extraordinarily difficult for
14   you to manage being involved in a trial or the preludes to
15   the trial if you don't have counsel assisting you.  You have
16   a constitutional right to represent yourself.  I am not going
17   to deprive you of that constitutional right, but I can tell
18   you it will be a nightmare for you to try to adapt yourself
19   to a system that you are not familiar with and is a
20   complicated system.  And the reason that we have standby
21   counsel appointed for people who exercise that constitutional
22   right is the difficulty that they have in adapting themselves
23   and being able to handle the matter.
24            So it is frankly in your interest, not anybody
25   else's, although of course I -- obviously the matter is that
```

1  much more in -- difficult for the Court to handle because I
2  can't represent you, but at the same time I want to make sure
3  that your rights are somehow not impaired. But at the same
4  time you just have to understand that trials are complicated
5  business. So I don't know what else to say to you.
6          You really ought to think twice about what you are
7  going to do. But certainly you ought to -- ought to think
8  seriously about the idea of standby counsel. I may have to
9  appoint one despite your desire not to have it because I do
10 have a responsibility to the system as well.
11         THE DEFENDANT: Your Honor, the defendant does not
12 wish to waive any constitutional rights.
13         THE COURT: Of course I understand that, and I am
14 not asking you to. I am telling you that your excercise of
15 your constitutional rights in the form of going to trial and
16 representing yourself is going to be an extraordinarily
17 difficult problem for you. So if -- for you to think, after
18 having heard me, that I am seeking to deprive you of your
19 constitutional rights is frankly an insult. You are not
20 listening. And maybe that is part of the problem here, that
21 you don't listen.
22         Try me again. You are going to have -- you can go
23 ahead and you are going to have the right -- the Supreme
24 Court told us years ago in a case called Faretta against
25 California that individuals have that right. They can

1  represent themselves as an equal constitutional right with
2  the right to counsel.  But Oscar Wilde once said that "There
3  is only one thing worse than not getting what you want and
4  that is getting what you want."  And you see you just have
5  not focused on -- sufficiently on the kind of problems you
6  are going face.  And I am trying to encourage you to consider
7  the prospect of having somebody who will be there to help you
8  with procedural matters and otherwise.
9         And if you say no, then I may have to designate
10 somebody for that function because we cannot adapt the system
11 to your desire.  Understand?
12         THE DEFENDANT:  As I stated I was just -- I heard
13 what you said, but I was just --
14         THE COURT:  I know you heard what I said.  That is
15 not my question.  My question was, do you understand, which
16 is a different matter.
17         THE DEFENDANT:  I understand what you are saying.
18         THE COURT:  Okay.  So we are set for July 29th
19 rather than July 1st.  I am making the exclusion of time
20 finding that the complexity of the matter under the
21 circumstances of self-representation are such that time
22 continues to be excluded until that date.
23         And we will be in touch with you about what is a
24 convenient time in the week preceding because I have a trial
25 starting the 15th.  I am not sure just how long that is going

1  to take.  So we will be in touch with you about what day in
2  the week preceding the 29th we will set up for a voir dire
3  conference.
4       Now let me turn to counsel for the Government, if I
5  may, and that is I would expect that even though Ms. Phillips
6  is not going to be in a position, unless she can somehow do
7  this on her own, to provide corresponding material, that I
8  would expect that you would provide two things -- three
9  things.  One is prospective voir dire questions to be
10 provided by the 19th, delivered to Miss Phillips by that
11 date.
12      Second, a list of names of persons and institutions
13 that may be -- I am not asking for a list of witnesses but
14 persons or institutions that may be referred to in the course
15 of the trial so that for the selection of the jury we don't
16 find ourselves with somebody's brother-in-law on the jury.
17      The third thing is a proposed set of jury
18 instructions.  And I will also set the 19th for that purpose
19 so that Miss Phillips will have those ten days in advance of
20 the trial.
21      Now, Ms. Phillips, you also have the opportunity,
22 if you wish, to present proposed jury instructions on the
23 same kind of timetable.  Also the designation of persons or
24 institutions that you expect might be named during the trial
25 because in the selection process of jurors we go down that

1  list, and if somebody knows the person or is familiar with
2  that, you want to make sure that that person is not going to
3  sit on our jury.  So that is the purpose of that.  It is not
4  prospective witnesses.
5      And the third thing is, although I don't expect
6  that you will -- you have the opportunity, as I say, both to
7  submit proposed voir dire questions, questions that will be
8  asked of jurors, same sort of thing that counsel for the
9  Government is going to do.  And if you believe that you have
10 any jury instructions or proposed jury instructions, all of
11 that has to be in place by the 19th.  Okay?
12         THE DEFENDANT:  Okay.
13         THE COURT:  Thank you.  Thank you all.
14         MR. STUMP:  Thank you, your Honor.
15         THE CLERK:  This Court stands in recess until 10:00
16 o'clock.
17     (Which were all the proceedings heard.)
18                      CERTIFICATE
19     I certify that the foregoing is a correct transcript
20 from the record of proceedings in the above-entitled matter.
21
22 s/Rosemary Scarpelli/          Date:  February 11, 2015
23
24
25