```
                  IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ILLINOIS
                            EASTERN DIVISION

UNITED STATES OF AMERICA,        )
                                 )
            Plaintiff,           )
                                 )   Case No. 12 CR 872-1
-vs-                             )
                                 )   Chicago, Illinois
                                 )   December 11, 2013
CHERRON MARIE PHILLIPS,          )   3:15 p.m.
                                 )
            Defendant.           )


              TRANSCRIPT OF TELEPHONIC PROCEEDINGS
            BEFORE THE HONORABLE MICHAEL M. MIHM

APPEARANCES:

For the Government:    MR. NATHAN D. STUMP
                       U.S. Attorney's Office
                       9 Executive Drive
                       Fairview Heights, IL  62208
                       (618) 628-3757
                       E-mail:  Nathan.stump@usdoj.gov

For the Defendant:     MS. LAUREN WEIL SOLOMON
                       P.O. Box 2013
                       Highland Park, IL  60035
                       (847) 756-0489
                       E-mail:  Ljwsolomon@yahoo.com




Court Reporter:

         KATHLEEN M. FENNELL, CSR, RPR, RMR, FCRR
                  Official Court Reporter
                 United States District Court
       219 South Dearborn Street, Suite 2524-A
                  Chicago, Illinois  60604
               Telephone:  (312) 435-5569
          Kathleen_Fennell@ilnd.uscourts.gov
```

        (Proceedings heard in open court; Judge Mihm, Mr. Stump, Ms. Solomon and Ms. Phillips appearing telephonically:)

        MR. STUMP: Nathan Stump here.

        MS. SOLOMON: This is Lauren Solomon.

        THE DEFENDANT: River for Cherron Phillips.

        MR. NOVAK: Okay. Kimberly. I think we've got everybody on the line. Do you want to conference in the judge?

        UNIDENTIFIED FEMALE: Okay, I'm going to transfer you into the polycom, so you'll be on.

        THE COURT: Is Cherron Phillips on the phone? Cherron Phillips?

        THE DEFENDANT: River for Cherron Phillips is present, yes.

        THE COURT: Lauren Solomon?

        MS. SOLOMON: Yes, I am here.

        THE COURT: And Nathan Stump.

        MR. STUMP: Yes, I'm here.

        THE COURT: This is Northern District Docket No. 12-872. I set this up for a status.

        When we were in court the last time, the Court ordered that the defendant submit to a competency examination on an outpatient basis in Chicago, and then it was set for a hearing next Monday on the issue of competence.

        What is the status of this matter?

03:16:53

1       MR. STUMP: Your Honor, this is Nathan Stump. I
2 appreciate the Court's setting this up on such short notice.
3 The situation as it stands is that Ms. Phillips has not yet
4 been examined. She was scheduled to appear at the Isaac Ray
5 Forensics Group office in Chicago on Monday, November 25th and
6 Tuesday, November 26th. She did not report to the facility on
7 either day.
8       I spoke with her after that, and she explained to me
9 that she -- there had been a misunderstanding, and she had not

03:17:12

10 realized that she was supposed to be there on those days.
11       She's been in touch, as I understand it, with
12 Dr. Goldstein, who's the director of the facility, and they
13 have made arrangements to see her again, but I found out just
14 this afternoon that they will not be able to see her until

03:17:33

15 sometime in mid to late January, which would mean that they
16 would not have a report ready until approximately
17 mid-February. With that in mind, I thought it would be
18 appropriate to have a discussion about where we go from here.
19       THE COURT: Well, Ms. Phillips, I still don't

03:17:54

20 understand why she didn't show up.
21       THE DEFENDANT: There was miscommunication in regards
22 to the dates and times. I was looking for something in the
23 mail. I had not received any correspondence in the mail on
24 the date and time of when I was supposed to go for the

03:18:11

25 examination.

1  THE COURT: I mean, we're not talking rocket science
2  here. Weren't you -- didn't somebody contact you and tell
3  you?
4  Ms. Solomon, do you have any insight on this?
5  MS. SOLOMON: I did send Ms. Phillips an e-mail the
6  week before, informing her of the dates and times.
7  THE DEFENDANT: Judge, I don't always have access to
8  e-mail. I don't always have access to e-mail, so, again --
9  THE COURT: Well, I'll tell you, I'm about -- I'm one
10 event away from ordering that you be taken into custody. Now
11 because you didn't show up when you were supposed to, this
12 case is dead in the water. We can't do anything until the
13 examination takes place.
14 Do we now have dates established, or is that up in
15 the air at this point?
16 MR. STUMP: Judge, I talked to Dr. Goldstein today,
17 and it sounded as if it was up in the air. She said that she
18 had another trial that she was going to be involved in
19 potentially in January, and if that happened, it might be
20 later rather than sooner.
21 THE COURT: How do we get exact dates for her to show
22 up and then -- and then have a situation where there is
23 absolutely, positively no doubt that she's on notice of when
24 she is to report for the examination?
25 MR. STUMP: Judge, I'd be happy to call Dr. Goldstein

|  |  |
|---|---|
| | 1  back and request a firm date and time and then provide that |
| | 2  notice in writing to the Court, and if your Honor wants to |
| | 3  issue an order specifically directing her to appear on those |
| | 4  dates and times at that location, maybe that would do it. |
| 03:20:06 | 5  THE COURT: How do we get this information to her? |
| | 6  Because based on what's happened so far, she may come in the |
| | 7  next time and say, well, I never got your order. |
| | 8  MS. SOLOMON: We could send her a certified letter |
| | 9  indicating with the order and the times and dates when she's |
| 03:20:26 | 10  to appear. |
| | 11  THE COURT: What is the address? |
| | 12  THE DEFENDANT: It is the orders listed on the |
| | 13  docket. |
| | 14  THE COURT: What is your address, your home address? |
| 03:20:37 | 15  THE DEFENDANT: P.O. Box 802625. |
| | 16  THE COURT: That's not the address that we have, is |
| | 17  it? |
| | 18  THE DEFENDANT: Yes, that's the address that I |
| | 19  assigned with the court's P.O. Box 802625. |
| 03:20:56 | 20  THE LAW CLERK: Need a hard address for certified |
| | 21  mail. |
| | 22  THE DEFENDANT: Can you hear me? |
| | 23  THE COURT: Not clearly, no. Post Office Box what? |
| | 24  THE DEFENDANT: 802625, Chicago, Illinois, 60680. |
| 03:21:12 | 25  THE COURT: Well, if we send a certified letter to a |

1  back and request a firm date and time and then provide that
2  notice in writing to the Court, and if your Honor wants to
3  issue an order specifically directing her to appear on those
4  dates and times at that location, maybe that would do it.
5  　　　　　THE COURT: How do we get this information to her?
6  Because based on what's happened so far, she may come in the
7  next time and say, well, I never got your order.
8  　　　　　MS. SOLOMON: We could send her a certified letter
9  indicating with the order and the times and dates when she's
10 to appear.
11 　　　　　THE COURT: What is the address?
12 　　　　　THE DEFENDANT: It is the orders listed on the
13 docket.
14 　　　　　THE COURT: What is your address, your home address?
15 　　　　　THE DEFENDANT: P.O. Box 802625.
16 　　　　　THE COURT: That's not the address that we have, is
17 it?
18 　　　　　THE DEFENDANT: Yes, that's the address that I
19 assigned with the court's P.O. Box 802625.
20 　　　　　THE LAW CLERK: Need a hard address for certified
21 mail.
22 　　　　　THE DEFENDANT: Can you hear me?
23 　　　　　THE COURT: Not clearly, no. Post Office Box what?
24 　　　　　THE DEFENDANT: 802625, Chicago, Illinois, 60680.
25 　　　　　THE COURT: Well, if we send a certified letter to a

1  post office box, there isn't going to be somebody there to
2  sign for it, is there?
3              MS. SOLOMON:  Um --
4              THE DEFENDANT:  I get the documents.
5              MS. SOLOMON:  I think what they do is when they --
6  this is Lauren Solomon.  I think they will hold it, and then
7  she has to take the notice up to the postal employee and then
8  she receives it directly from the employee and then she signs
9  for it.  It's, I believe, how it can be done through a post
10 office box.
11             THE COURT:  Okay.  Well, we can do that, but in
12 addition to that, I want whoever is supervising her on her
13 pretrial services status, I want that person to have direct
14 contact with her, either on the phone or in person to inform
15 her of the new dates.
16             MR. STUMP:  Yes, sir.  I can get in touch with I
17 think it was Brian Kolbus, and I can get in touch with him.
18             THE COURT:  So, let's see.  Well, we'll have to
19 cancel the hearing on Monday.
20             MR. STUMP:  Your Honor, there's one other fact that I
21 just wanted to bring to the Court's attention.  It's something
22 I found out relatively recently, which is that Ms. Phillips
23 has a state case that's completely unrelated on totally
24 different charges and that in that case back in April of this
25 year, she was examined by Dr. Nasheebna Carney (phonetic) at

1 the Department of Forensic and Clinical Services in Chicago
2 for a determination of her competency.
3     My understanding is that from talking to the
4 Assistant State's Attorney is that she was found competent in
5 that case. Earlier this afternoon, I sent a subpoena to the
6 department for a copy of that report, but I just wanted to
7 make sure the Court knew that that was out there.
8     THE COURT: No, I did not know that it was out there.
9     Well, what are you suggesting, that we don't need a
10 new report?
11     MR. STUMP: Well, I guess, your Honor, if we got a
12 copy of the report in time, and I did call them today and they
13 told me they would have it to me by the end of the week, I
14 don't know how Ms. Solomon will feel about it, I'm not sure
15 how Ms. Phillips feels about it, but assuming that it finds
16 her competent, that would reinforce everything that I believe
17 about her, and I would be willing to rely solely on that
18 report at a hearing.
19     MS. SOLOMON: This is Ms. Solomon. I had indicated
20 to Mr. Stump that I can't make any recommendations until I see
21 the report because I'm not sure what the report was based on.
22 And so certainly once the report is reviewed, then I think we
23 can make more of a determination.
24     THE COURT: As far as I'm concerned, that may be
25 evidence at the hearing, but I'm going to go ahead with the

```
 1  examination.
 2          MR. STUMP:  Yes, sir.
 3          THE COURT:  Okay.  I'm going to recommend a new date,
 4  a new hearing date of -- what day of the week is that?
 5          THE LAW CLERK:  Wednesday.
 6          THE COURT:  Wednesday, February 26th at 10:00 a.m.
 7  Does that date and time work for everyone?
 8          MR. STUMP:  Yes, sir.
 9          MS. SOLOMON:  Yes, your Honor.
10          THE DEFENDANT:  Yes.
11          THE LAW CLERK:  Let me just check that date.
12          THE COURT:  Hold on.  What?
13          THE LAW CLERK:  You've got a trial on Monday.
14          THE COURT:  Hold on just a minute.  I'm checking on
15  my trial calendar.
16          THE LAW CLERK:  It might go.
17          THE COURT:  What?
18          THE LAW CLERK:  It might go.  Hold on.
19          THE COURT:  What?
20          THE LAW CLERK:  It might go.  That trial on Monday
21  might go.  Hold on.
22          THE COURT:  What is it, a prisoner case?
23          THE LAW CLERK:  Yeah.
24          THE COURT:  I'm going to do this.
25          THE LAW CLERK:  We could do it the 19th, Wednesday,
```

Timestamps:
- 03:24:59 (line 10)
- 03:25:21 (line 15)
- 03:25:30 (line 20)
- 03:25:38 (line 25)

1 the 19th, which is a week earlier, but I don't know if the
2 report will be done before that.
3     THE COURT: Well, it should be if it's done in
4 January. What day is the 19th?
5     THE LAW CLERK: It's a Wednesday also.
6     THE COURT: All right. How about changing the date
7 from the 26th to the 19th. Wednesday, February 19th at
8 10:00 a.m. Would that date work?
9     MR. STUMP: That's fine for me, your Honor.
10     MS. SOLOMON: That would work for me, Judge.
11     THE DEFENDANT: That would work for me also.
12     THE COURT: Okay. So I want the dates for the new
13 examination nailed down and conveyed to Ms. Phillips. And if
14 that's done, Ms. Phillips, if you don't show up where you're
15 supposed to when you're supposed to, there's going to be a
16 warrant out for your arrest, do you understand?
17     THE DEFENDANT: Provided that there's communication,
18 sir, I will be there.
19     THE COURT: Do you understand that once you're told
20 what the dates of the examination are, I'm ordering you to be
21 there at that time; and if you don't go there at that time,
22 there's going to be a warrant issued for your arrest?
23     Do you understand?
24     THE DEFENDANT: I have no problem with making that
25 appointment, sir, once I get that date.

|  |  |
|---|---|
| 03:27:19 | 1  THE COURT: The Court finds based on the record<br>2  that's been created here today that it's necessary to continue<br>3  the hearing on competency to allow for the examination and<br>4  preparation of the report to take place. Therefore, it's in<br>5  the interests of justice to continue this matter to<br>6  February 19th, and the Court finds for the same reasons that<br>7  the period of time between today and February 19th is<br>8  excludable time for purposes of the Speedy Trial Act. |

1    THE COURT: The Court finds based on the record
2    that's been created here today that it's necessary to continue
3    the hearing on competency to allow for the examination and
4    preparation of the report to take place. Therefore, it's in
5    the interests of justice to continue this matter to
6    February 19th, and the Court finds for the same reasons that
7    the period of time between today and February 19th is
8    excludable time for purposes of the Speedy Trial Act.
9    Are there any objections to those findings?
10    MR. STUMP: Not from the United States.
11    MS. SOLOMON: Not from Lauren Solomon.
12    THE DEFENDANT: [Inaudible].
13    THE COURT: Okay. All right.
14    THE CLERK: Speak into the speakers.
15    THE COURT REPORTER: I can't hear the defendant,
16    Judge.
17    MR. STUMP: Your Honor, just to clarify, so the
18    protocol will be that I will file something on the record to
19    notify the Court and all parties of the date and the time.
20    THE COURT: Right.
21    MR. STUMP: And then I'll also notify the Pretrial
22    Services Officer who will be in touch with Ms. Phillips
23    directly.
24    THE COURT: Okay. And then I want the Pretrial
25    Services Officer to contact the Court and counsel once she has

been put on notice of the date and time of the hearing -- of the examination.

THE COURT REPORTER: Judge, this is Kathy Fennell, the court reporter --

THE COURT: All right. Thank you.

THE CLERK: Judge, the court reporter couldn't hear the defendant.

THE COURT: I thought I heard her say she had no objection. Is that correct? Ms. Phillips, is that correct?

THE DEFENDANT: That is correct. That is correct.

THE COURT: Thank you.

MR. STUMP: Thank you.

MS. SOLOMON: Thank you.

(Which were all the proceedings heard.)

CERTIFICATE

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/Kathleen M. FennellMarch 12, 2015

------

Kathleen M. FennellDate
Official Court Reporter

03:28:55