1         IN THE UNITED STATES DISTRICT COURT
          NORTHERN DISTRICT OF ILLINOIS
2              EASTERN DIVISION

3

  UNITED STATES OF AMERICA,      )
4                        )
        Plaintiff,      )
5                        )
         vs.          ) No. 12 CR 872
6                        )
  CHERRON MARIE PHILLIPS,      ) Chicago, Illinois
7                        ) March 24, 2014
        Defendant.      )
8
      TRANSCRIPT OF PROCEEDINGS - Telephone Conference
9      BEFORE THE HONORABLE MICHAEL M. MIHM
           (Appearing telephonically)
10
  APPEARANCES:
11
  For the Government:     MR. NATHAN D. STUMP
12                  U.S. Attorney's Office
                  9 Executive Drive
13                  Fairview Heights, Illinois  62208
                  (Appearing telephonically)
14
  For the Defendant:      MS. LAUREN WEIL SOLOMON
15                  P.O. Box 2013
                  Highland Park, Illinois  60035
16                  (Appearing telephonically)

17  Also Present:         MS. CHERRON MARIE PHILLIPS
                  (Appearing telephonically)
18
19          PAMELA S. WARREN, CSR, RPR
            Official Court Reporter
20         219 South Dearborn Street
               Room 1928
21          Chicago, Illinois  60604
            (312) 294-8907
22

23

24

25

1    (Proceedings had in chambers.)

2         THE CLERK:  Judge, can you start over with the names

3    again because we couldn't hear the names.

4         THE COURT:  All right.  Well, we have the defendant,

5    Ms. Phillips, on the phone.

6         And then I'll ask you to identify yourselves again.

7         MR. STUMP:  This is Nathan Stump on behalf of the

8    United States.

9         MS. SOLOMON:  And this is Lauren Weil Solomon on

10   behalf of Ms. Phillips.

11        THE COURT:  Okay.  Did you get that?

12        THE CLERK:  Yes, Judge.

13        THE COURT:  All right.  So thank you all for agreeing

14   to a phone call this afternoon.  The purpose of the call is

15   this:  As you know we have a hearing scheduled in Chicago on

16   Wednesday at 10:00 A.M.  And the first item on the agenda is

17   the report or the question of the competence exam of the

18   defendant.  There was a report prepared by Dr. Diana Goldstein.

19   I think the parties have received that.

20        Let me ask this.  Ms. Solomon, have you talked to your

21   client about this?

22        MS. SOLOMON:  I have talked to her about having sent

23   it to her.  I did not -- I have not had the opportunity to

24   discuss the reports with her because she had not yet read them.

25        THE COURT:  All right.  Okay.

1      Ms. Phillips, have you received the reports yet?

2      THE DEFENDANT:  I am in receipt of the reports.

3      THE COURT:  What did she say?

4      I'm sorry, was that yes or no?

5      THE DEFENDANT:  I am in receipt of the reports, yes.

6      THE COURT:  Okay.  All right.  Well, the reason for

7  the phone call is this:  The Court had questions concerning the

8  competence of the defendant to stand trial.  Dr. Goldstein's

9  conclusions after a lengthy discussion, her conclusion is that

10  the defendant is competent to stand trial.

11      And so it raises the question of whether there is any

12  need for Dr. Goldstein to be present at the hearing since her

13  finding is that she is competent to stand trial.  I would think

14  that her presence would not be necessary unless someone has

15  some different view.  And it would be my belief that I could

16  receive the report and make a finding that she is competent to

17  stand trial, and we'd go from there.

18      MS. SOLOMON:  Judge, I have a matter that I would like

19  to raise, which is not only the report does she find her

20  competent to stand trial, she also finds her competent to

21  represent herself.

22      THE COURT:  Well --

23      MS. SOLOMON:  And I find that some of the conclusions

24  are based on information that are not included in the report.

25      THE COURT:  Yeah.

1    MS. SOLOMON:  And in order for me to be able to

2    explore those conclusions, I would need the underlying testing

3    data, you know, results, which are not included in the report.

4    Specifically the cognitive intellectual functioning.  And there

5    is something -- somewhat unusual about the conclusion that

6    Dr. Goldstein makes, and I would need to see the underlying

7    subtests and the -- that make up those scores.  And there is

8    some discrepancies within her conclusions.

9        And, again, without seeing the individual subtest and

10   the standard score, I'm not really able to evaluate her

11   conclusions.

12       THE COURT:  Well, have you been in touch with

13   Dr. Goldstein?

14       MS. SOLOMON:  No, I have not.  I had completed my

15   review of the report today, and so I haven't had the

16   opportunity to talk to her about it.  But I did want to raise

17   that as a --

18       THE COURT:  I would recommend that you contact her

19   immediately.

20       But my second comment is just simply this, that the

21   doctor was asked to give an opinion about whether she was

22   competent to stand trial or not.  As far as I'm concerned, the

23   question of whether or not she should be permitted to represent

24   herself is a totally different question and not one that, with

25   all due respect, I think is fully within the purview of

1    Dr. Goldstein, so --

2        MS. SOLOMON:  Okay.  It was surprising that that was

3    -- to me that that was surprising that that was included in the

4    report because I did not believe that that was the question

5    that was presented to her.

6        THE COURT:  It was not the question.  And I have never

7    seen that type of opinion included in one of these reports,

8    but -- anyway, so if you want to contact Dr. Goldstein and you

9    can get that material, that's fine.

10       We are going to have the hearing on Wednesday at 10:00

11   A.M.  Am I -- well, is there anyone who believes that it is

12   necessary for Dr. Goldstein to appear?

13       MS. SOLOMON:  (Unintelligible).

14       THE COURT:  Okay.  All right.  Then I believe

15   I -- we can -- who would contact her -- who has the direct

16   contact with Dr. Goldstein?

17       MR. STUMP:  Your Honor, this is Nathan Stump.  I have

18   direct contact with her.

19       THE COURT:  All right.  Well, based on that, then I

20   believe you can contact her and tell her that she need not

21   appear.

22       MR. STUMP:  Yes, sir.

23       THE COURT:  So we will address this question first,

24   the matter of, first of all, competence to stand trial.  And we

25   appear to be all in agreement at this point that she is

1  competent -- that the defendant is competent to stand trial.

2      Then the next thing is we're going to address the

3  question of whether or not Ms. Phillips is -- can appropriately

4  represent herself.  And I'll make a record on that, and then

5  I'll rule on it at that hearing on Wednesday.

6      And then if there are any outlying discovery issues,

7  I'll be happy to address those.  But I would note -- and I

8  would note that we do in fact have a trial set on Monday, June

9  16th, and it is my intention that the case will proceed to

10 trial on that date.  I think that's all I had for today.

11     Is there anyone who feels there is something that we

12 need to address today?

13     THE DEFENDANT:  Yes.  I would like to ask, are you in

14 receipt of the motions that were filed last week?

15     THE COURT:  What motions are those?  I don't -- I

16 haven't received any motions on your case.

17     THE DEFENDANT:  Okay.  Nathan, are you in receipt of

18 the motions that were filed?

19     MR. STUMP:  Yes.

20     Your Honor, I received from Ms. Phillips directly two

21 documents that purport to be motions in her case.  One of them

22 I was able to open, the other one I was not.  I haven't seen

23 anything come across the efile system yet.

24     THE COURT:  All right.

25     THE DEFENDANT:  Okay.

```
1          THE COURT:  Ms. Solomon, do you have those by any

2    chance?

3          MS. SOLOMON:  No, I do not.

4          THE COURT:  Okay.  I would certainly request that you

5    talk to your client between now and the time of the hearing.

6          In terms of these motions, I don't know what they are,

7    but I would obviously prefer to see them.  I'm sure the

8    government might feel the same way, but -- before the hearing.

9          But, in any event, you need to bring a hard copy of

10   those motions with you to the hearing, Ms. Phillips.

11         THE DEFENDANT:  Okay.

12         THE COURT:  Do you understand what I just said?

13         THE DEFENDANT:  I heard you, yes, that I

14   should -- yes.

15         THE COURT:  So, I mean, we can't consider the motions

16   unless we have them.

17         THE DEFENDANT:  Yeah, I'll --

18         THE COURT:  But also --

19         THE DEFENDANT:  -- bring them to the Court.

20         THE COURT:  But you might also discuss this -- I would

21   suggest that when this hearing is over, that you have a phone

22   call with your attorney and discuss this over the phone, at

23   least, before the end of today.

24         THE DEFENDANT:  Well --

25         THE COURT:  I'm sorry?
```

1    THE DEFENDANT:  I was -- I'm saying, well, I have

2  objected to her being counsel for me.

3    THE COURT:  I understand that.

4    THE DEFENDANT:  I have objected to that.

5    THE COURT:  Okay.  Well, I can't force you to do it.

6    In any event, we'll see you in court on Wednesday at

7  10:00 A.M.  Thank you very much.

8    MR. STUMP:  Thank you, your Honor.

9    MS. SOLOMON:  Thank you, your Honor.

10    (Which concluded the proceedings.)

11                       CERTIFICATE

12    I HEREBY CERTIFY that the foregoing is a true, correct

13  and complete transcript of the proceedings had at the hearing

14  of the aforementioned cause on the day and date hereof.

15

16  */s/Pamela S. Warren*                 March 14, 2015
    Official Court Reporter                    Date
17  United States District Court
    Northern District of Illinois
18  Eastern Division

19

20

21

22

23

24

25